ROSINA GAMBARDELLA ET AL. *v.* RANDY KAOUD ET AL.
(13219)

DUPONT, C. J., and SPEAR and HENNESSY, Js.

Argued February 9—decision released July 4, 1995

*Paul M. Sabetta,* for the appellants (plaintiffs).

*Michael G. Durham,* with whom, was *Delaney Zemetis* and, on the brief, was *Thomas J. Flanagan,* for the appellees (defendants).

HENNESSY, J. The plaintiffs appeal following the trial court's entry of summary judgment on behalf of the defendants in this personal injury action. The plaintiffs claim that the trial court improperly concluded that there were no material facts in dispute and that the defendants were entitled to judgment as a matter of law. We agree.

The following facts are taken from the trial court's memorandum of decision on the defendants' motion for summary judgment. The plaintiff Rosina Gambardella allegedly sustained injuries as the result of a fall on a defective sidewalk. Her husband, James Gambardella, allegedly suffered a loss of consortium as a result of his wife's injuries. The plaintiffs filed a complaint against the defendants, Randy Kaoud, Abraham Kaoud, Fred Kaoud and Carpet Galleries, Ltd.[1] The three Kaoud brothers were the owners of the property abutting the sidewalk where the plaintiff wife's injuries occurred and Carpet Galleries, Ltd., was the lessee.

The first three counts of the complaint allege causes of action against the three Kaoud brothers. The first count alleges that the plaintiff wife's injuries resulted

---

[1] The town of Hamden, where the sidewalk on which the plaintiff wife fell was located, is also a defendant in this action. The motion for summary judgment was filed only by the Kaoud brothers and Carpet Galleries, Ltd., and we refer to them as the defendants in this appeal.

from the Kaoud brothers' negligence. The second count alleges that the defective condition of the sidewalk constituted a public nuisance. The third count of the complaint alleges that the plaintiff husband suffered financial loss and a loss of consortium as a result of the injuries to his wife. The fourth, fifth and sixth counts of the complaint allege the same causes of action as counts one, two and three, respectively, against Carpet Galleries, Ltd.[2]

Following discovery, and after the pleadings were closed, the defendants moved for summary judgment on the first six counts of the complaint. In support of this motion, the defendants argued that the plaintiffs had failed to allege that the defendants had created any defects in the sidewalk and that as abutting landowners the defendants had no duty to the plaintiffs for injuries caused by defects they had not created in the town's sidewalk. The trial court, in its memorandum of decision, agreed with the defendants. The trial court found that the plaintiffs' revised amended complaint failed to allege any affirmative acts by the defendants that created the unsafe condition of the sidewalk and granted summary judgment on the negligence counts. In addition, the trial court granted summary judgment on the nuisance counts on the basis of its conclusion that the allegations of the plaintiffs' complaint were insufficient for failure to allege a positive act.[3]

---

[2] The remaining counts of the complaint were directed against the town of Hamden and are not at issue in this appeal.

[3] The plaintiffs argue that the trial court improperly granted summary judgment on their public nuisance claims because, by ruling on the sufficiency of the complaint, it treated the defendants' motion for summary judgment as a motion to strike. We commend both parties for briefing this issue fully. We determine, however, that we need not reach the issue of whether the defendants' motion for summary judgment was in reality a cloak for a motion to strike; a motion to strike would not lie in this case since the allegations in the complaint were sufficient to allege a public nuisance.

"Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book § 380; *Strada* v. *Connecticut Newspapers, Inc.*, 193 Conn. 313, 316–17, 477 A.2d 1005 (1984)." *Wilson* v. *New Haven*, 213 Conn. 277, 279, 567 A.2d 829 (1989). "The party moving for summary judgment has the burden of showing the absence of any genuine issues as to all the material facts, which under applicable principles of substantive law, entitle him to judgment as a matter of law. To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." *Dougherty* v. *Graham*, 161 Conn. 248, 250, 287 A.2d 382 (1971). It is not enough for the moving party merely to assert the absence of any disputed factual issue; the moving party is required "to bring forward . . . *evidentiary facts, or substantial evidence outside the pleadings*" to show the absence of any material dispute. (Emphasis in original; internal quotation marks omitted.) *Na-Mor, Inc.* v. *Roballey*, 24 Conn. App. 215, 217, 587 A.2d 427 (1991); see also *Burns* v. *Hartford Hospital*, 192 Conn. 451, 455, 472 A.2d 1257 (1984); *Town Bank & Trust Co.* v. *Benson*, 176 Conn. 304, 306–307, 407 A.2d 971 (1978).

The plaintiffs concede that as a general matter the defendants had no duty to the plaintiffs to maintain the sidewalk in a safe condition, and that the ordinance does not impose such a duty. See *Wilson* v. *New Haven*, supra, 213 Conn. 280. The plaintiffs argue, however, that the allegations of their complaint satisfy an exception to the general rule, in that abutting property owners can be held liable in negligence or public nuisance for injuries resulting from an unsafe condition of a public sidewalk caused by positive acts of the defendant.

See *Perkins* v. *Weibel*, 132 Conn. 50, 52, 42 A.2d 360 (1945) (public nuisance); *Hanlon* v. *Waterbury*, 108 Conn. 197, 200, 142 A. 681 (1928) (negligence).

In their complaint, the plaintiffs alleged, inter alia, that their injuries were caused by the defendants "in that said defendants caused and/or did allow sand, sticks, and debris to accumulate on said walkway, thereby covering and concealing from view the cracked surface thereof . . . ."[4] This allegation is of a positive act by the defendants, which, if proved at trial, could form the basis for the defendants' liability in negligence or public nuisance. *Perkins* v. *Weibel*, supra, 132 Conn. 52; *Hanlon* v. *Waterbury*, supra, 108 Conn. 200. The defendants failed to adduce evidence in support of their motion for summary judgment to establish the absence of a factual dispute in connection with this allegation, so summary judgment was inappropriate. *Town Bank & Trust Co.* v. *Benson*, supra, 176 Conn. 307–308.

The only evidence produced in connection with the plaintiffs' allegations that the defendants' had actively caused the unsafe condition of the sidewalk was in the form of affidavits submitted by the defendants. In these

---

[4] In paragraph three of each count of their complaint the plaintiffs alleged: "The injuries and losses were caused by the negligence of the defendants in one or more of the following ways: A. in that the area was multi-angled, uneven, cracked, and in a state of disrepair so that it rendered pedestrian traffic hazardous and dangerous; B. in that said defendants caused and/or did allow sand, sticks, and debris to accumulate on said walkway, thereby covering and concealing from view the cracked surface thereof; C. in that said conditions had existed for an unreasonable period of time, yet no measures had been taken to remedy and correct the same; D. in that defendants in the exercise of reasonable care and inspection should have known of these conditions and should have remedied the same yet this they failed to do; E. in that said defendants failed to maintain said walkway in a safe and convenient condition for the use of the public in violation of § 96.04 of the Hamden Code of Ordinances . . . ."

We note, as conceded by the plaintiffs, that the only positive act alleged is that of subparagraph (B). Thus, our opinion addresses the claimed impropriety of summary judgment only in connection with this allegation.

affidavits it was averred that none of the defendants had created any condition on the sidewalk that was unsafe, nor had any of the defendants created or maintained any situation that caused the sidewalk to become multi-angled, uneven, cracked, and in a state of disrepair. These averments are little more than denials of the facts alleged in the plaintiffs' complaint. Denials of the allegations in the complaint are an insufficient basis for the rendition of summary judgment. See *Plouffe* v. *New York, N.H. & H.R. Co.*, 160 Conn. 482, 488–89, 280 A.2d 359 (1971) ("defendants' affidavits did not attempt to show that there was no genuine issue of fact arising from the contested common-law negligence and nuisance allegations"). Thus, the defendants have not met their burden of providing evidence to establish the absence of a material factual dispute.

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.