[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The defendant moves for summary judgment. It argues the plaintiff has alleged a claim which is barred by the Statute of Frauds, General Statutes § 52-550(a)(4). The plaintiff invokes the doctrine of promissory estoppel to remove the bar of the Statute of Frauds. He alleges that he relied on the defendant's promise to give him a right of first refusal "by, among other things, not insisting on contract amendments containing realistic deadlines and in his planning for the financing of the property (emphasis added). What "other things" the plaintiff did are not revealed by the pleadings.
The party seeking summary judgment has the burden of showing the nonexistence of any issue of material fact. Miller v. UnitedTechnologies, Corp., 233 Conn. 732, 745 (1995). The defendant has not submitted affidavits or other proof to meet its initial burden. Instead, it bases its motion on the pleadings. "The office of a motion for summary judgment is not to test the legal sufficiency of the complaint, but is to test for the presence of contested factual issues." Burke v. Avitabile, 32 Conn. App. 765, 772 (1993). "It is not enough for the moving party merely to assert the absence of any disputed factual issue; the moving party is required `to bring forward . . . evidentiary facts, or substantial evidence outside the pleadings' to show the absence of any material dispute."Gambardella v. Kaoud, 38 Conn. App. 355, 358 (1995). The defendant has not met its initial burden of showing there is no genuine issue as to the things the plaintiff did in reliance on the defendant's promise.
The motion for summary judgment is denied.
THIM, JUDGE CT Page 7859