[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION BY DEFENDANT BARKAN MANAGEMENT COMPANY,INC. FOR SUMMARY JUDGMENT AND REQUEST FOR CONTINUANCE BY PLAINTIFF
The plaintiff alleges in the Amended Complaint that he was injured on June 1, 1993 when he was caused to slip and fall at premises at 525 Hudson Street, Hartford, CT., owned by the defendant, Federal Home Loan Mortgage Corp. ("Federal"), and managed by the defendant, Barkan Management Company, Inc. ("Barkan"), and the defendant, Greater Hartford Realty Management Corp. ("Greater Hartford"). Plaintiff was a tenant at the premises.
The allegations against Barkan are in the Second Count. Plaintiff alleges that Barkan "maintained and controlled the premises" and was responsible for keeping and maintaining the premises in a safe condition. Identical allegations are made in the Third Count against the defendant Greater Hartford. The defendant Barkan has moved for summary judgment on the ground that its connection with the premises ceased approximately two months prior to the date of the injury.
"Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."Gambardella v. Kaoud, 38 Conn. App. 355, 358, ___ A.2d ___ (1995). "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) Catz v. Rubenstein,201 Conn. 39, 48, 513 A.2d 98 (1986). "The party moving for summary judgment has the burden of showing the absence of any CT Page 13128 genuine issues as to all the material facts, which under applicable principles of substantive law, entitle him to judgment as a matter of law. To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Suarez v. Dickmont Plastics Corp., 229 Conn. 99,105, 639 A.2d 507 (1994); Miller v. United TechnologiesCorp., 233 Conn. 732, 744, 752-53, ___ A.2d ___ (1995).
Defendant's motion was filed on June 9, 1995. On November 9, 1995 Plaintiff filed a request for continuance to permit further discovery. Sufficient time has passed since defendants motion was filed. Plaintiff's request is denied.
The defendant Barkan alleges in its motion for summary judgment that Barkan ceased to be responsible for the maintenance of the property prior to the date of the plaintiffs accident. In support thereof the defendant relies on an affidavit of its President, Mel Barkan, and admissions by Greater Hartford. The affidavit states that Barkan ceased to be managing agent for the premises on March 31, 1993, and subsequent thereto did not own, possess, control or maintain any part of the premises.
In addition, the defendant relies on admissions of Greater Hartford, filed in response to Barkan's request to admit, filed with the court on September 13, 1995. The request to admit was answered by Greater Hartford and filed with the court on October 13, 1995. In the request to admit, Greater Hartford admits:
 "1. On March 31, 1993, Greater Hartford Realty Management Corp. took over the management of the premises located at 525 Hudson Street, Hartford, CT."
 "2. On June 1, 1993, and for some period of time prior thereto Greater Hartford Realty Management Corp. was the management company managing the premises located at 525 Hudson Street, Hartford, CT."
The opposing affidavit filed on November 9, 1995, by the plaintiff is insufficient in that it fails to comply with requirement of Practice Book § 381, that an affidavit be made on the affiant's personal knowledge.
The defendant's motion for summary judgment is granted.
DAVID L. FINEBERG CT Page 13129
JUDGE, SUPERIOR COURT