[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The parties are adjacent property owners and the remaining count in this action sounds in slander and is based on statements allegedly made by defendant to a zoning officer investigating possible zoning violations on Plaintiff's property.
The statements allegedly made involve Plaintiff's permitting CT Page 4010-S their children to carry on toilet functions in her back yard and otherwise neglecting and abusing her children.
Defendant moves for summary judgment on the ground that there is no genuine issue of material fact and she is entitled to judgment as a matter of law because statements made to public officials are absolutely privileged under the Connecticut Constitution, Article First, § 14, and that persons making such statements to officials enjoy a qualified immunity; otherwise, there will be a chilling effect on the powers of government because people will be susceptible to punishment for complaining to the authorities.
 I
The absolute privilege claimed by Defendant with respect to statements made to public officials applies only in limited circumstances. The class of absolutely privileged communications is narrow, and practically limited to legislative and judicial proceedings and acts of State. Irwin v. Cohen, 40 Conn. Sup. 259,262 (1985). In judicial proceedings, "the oath and the fear of being charged with perjury are adequate to warrant an absolute privilege for a witness" statements. DeLaurentis v. New Haven,220 Conn. 225, 264 (1991). Our courts have not extended the absolute privilege to non-judicial situations, although such a privilege also attaches to relevant statements made during administrative proceedings which are quasi-judicial in nature.Petyan v. Ellis, 200 Conn. 246 (1986).
Defendant relies on Petyan supra and Kelley v. Bonney,221 Conn. 549 (1992), but those cases do not support her claim. InPetyan, the privilege was applied in a judicial proceeding and inKelley, the defamatory statements were made in an administrative proceeding to remove a teacher which was characterized as quasi-judicial in character. While statements made during the course of judicial or administrative proceedings are privileged for the purpose of allowing candor to the court or to the tribunal, the statements at issue in the present case were not made in the course of a judicial or administrative proceeding and they are not absolutely privileged.
 II
But Defendant argues that even if no absolute privilege applies to the statement, government officials are qualifiedly immune from liability for official acts performed and that this CT Page 4010-T immunity should extend to persons notifying officials like the zoning official in this case of potential violations of laws.
Plaintiffs contend that Defendant was not genuinely concerned for the children's welfare when she made the statements to the zoning inspector, and that if they were, Defendant certainly would have contacted the Police Department about this matter. Plaintiffs further argue that Defendant's statement was "maliciously" made and "calculated to smear and sully the Mulshines", and that a zoning officer was not the proper party with whom to register an allegation of child abuse.
In Miles v. Perry, 11 Conn. App. 581, 599 (1987), the Appellate Court stated "the [qualified] privilege extends to defamatory falsehoods only if made without malice, under an honest belief that they are true, and in good faith." Our Supreme Court has held that where the privilege is abused, it can be overcome. Torosyan v. Boehringer Ingelheim Pharmaceuticals, Inc.,234 Conn. 1, 29 (1995). "Whether the privilege was abused . . . depends upon whether there was in fact. . . in uttering and broadcasting the alleged defamatory matter." Id. Our Supreme Court has further stated "Whether a defamatory communication implicates an interest worthy of protection is a question of law for the trial court to determine, but whether the privilege is nevertheless defeated through its abuse is a question of fact to be decided by the jury." Bleich v. Ortiz, 196 Conn. 498, 501
(1985).
Whether Defendant's statement was made with malice and in bad faith is a question of fact to be decided by the trier of fact. Further, the affidavit of the zoning officer indicating that Defendant did not make any statement alleging child abuse is not sufficient to remove this issue as one presenting a difference of material fact. Gambardella v. Kaoud, 38 Conn. App. 355, 358, 360
(1995).
In view of this conclusion it is not necessary to address Plaintiffs' further claim that the allegations allegedly made by Defendant to the zoning inspector constitute slander per se because they accuse the Plaintiffs of conduct which amounts to child abuse, a crime involving moral turpitude.
Since there is a genuine issue of material fact, Defendant's motion for summary judgment is denied. CT Page 4010-U