[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT COMMISSIONER OF TRANSPORTATION'SMOTION FOR SUMMARY JUDGMENT (No. 109.25)
The plaintiff, Tammy Egidi, alleges she was injured on or about April 4, 1995, while crossing Woodland Street just prior to its intersection with Farmington Avenue in Hartford. She has brought suit in separate counts against three defendants, CT Page 4112-NN namely: J. William Burns, Commissioner of Transportation, State of Connecticut (the "State"); City of Hartford; and The Metropolitan District Commission. Specifically, she alleges she was injured when her foot became lodged in an uncovered water-hole located in Woodland Street. She further alleges that each defendant had a duty to maintain said street in a reasonable safe condition. The action against the State is alleged in the Second Count, and is pursuant to § 13a-144.
The defendant State, has moved for summary judgment on the ground that it is not the owner of that portion of the street, nor is it the party responsible for maintenance of the street or water-hole.
"Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."Gambardella v. Kaoud, 38 Conn. App. 355, 358, 660 A.2d 877
(1995). "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.). Catz v.Rubenstein, 201 Conn. 39, 48, 513 A.2d 98 (1986). "The party moving for summary judgment has the burden of showing the absence of any genuine issues as to all the material facts, which under applicable principles of substantive law, entitle him to judgment as a matter of law. To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Suarez v. Dickmont PlasticsCorp., 229 Conn. 99, 105, 639 A.2d 507 (1994); Miller v. UnitedTechnologies Corp., 233 Conn. 732, 744, 752-53, 660 A.2d 810
(1995).
General Statutes § 13a-144 states, in relevant part:
 Any person injured in person or property through the neglect or default of the state
or any of its employees by means of any defective highway, bridge or sidewalk which it is the duty of the commissioner of transportation to keep in repair . . . may bring a civil action to recover damages sustained thereby against the commissioner in the superior court. (Emphasis added.).
CT Page 4112-OO
In support of its motion, the State relies on the affidavit of Victor J. LaBarre, maintenance manager for the Connecticut Department of Transportation. Mr. LaBarre's affidavit, based on his personal knowledge, states in pertinent part:
 I have knowledge of the highways and roadways which comprise the state highway system within District I. The area of Woodland Street in the City of Hartford, and more particularly Woodland Street just prior to its intersection with Farmington Avenue is not a state-owned or state-maintained roadway, and is not within the responsibility of District I of the State of Connecticut Department of Transportation.
The plaintiff has failed to present any counter-affidavits or factual data in opposition to the foregoing affidavit. Instead, the plaintiff relies solely on the denials of all three defendants to ownership or maintenance of the location in responses to requests for admissions. This is insufficient.
Since no genuine question of material fact exists, the defendant State's motion for summary judgment on the Second Count of the plaintiff's complaint is granted.
FINEBERG, J.