[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MURPHY SECURITY SYSTEM MOTION FOR SUMMARYJUDGMENT ON CROSS-CLAIM
In the underlying action, plaintiff John Karniewski brought a one count complaint sounding in negligence against the named defendant, Environmental Waste Resources, Inc. ("Environmental"). The plaintiff alleges that in the course of his employment by Murphy Security Service ("Murphy") as a security guard on premises of Environmental, he was caused to fall off a shipping dock located at their premises. Environmental filed an answer and special defense alleging that any damages sustained by the plaintiff were caused by his "affirmative wrongdoing, negligence, want of care, and other culpable conduct" set forth therein.
Murphy's motion to intervene as a co-plaintiff pursuant to General Statutes § 31-293 was granted. Subsequently, Environmental filed a cross-claim against Murphy sounding in breach of contract, seeking indemnification for any judgment rendered against it in the underlying action and for its costs of defense therein. Environmental claims it is entitled to indemnification because Murphy breached the contract between them by failing properly to supervise and train its plaintiff employee, and warn him of the condition of the premises. Murphy has moved for summary judgment on the cross-claim on the ground that the parties' contract does not provide for indemnification of Environmental for injuries resulting from its own negligence.
"Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."Gambardella v. Kaoud, 38 Conn. App. 355, 358, 660 A.2d 877
(1995). "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the CT Page 5578-YYYY case." (Internal quotation marks omitted.) Catz v. Rubenstein,201 Conn. 39, 48, 513 A.2d 98 (1986). "The party moving for summary judgment has the burden of showing the absence of any genuine issues as to all the material facts, which under applicable principles of substantive law, entitle him to judgment as a matter of law. To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Suarez v. Dickmont PlasticsCorp., 229 Conn. 99, 105, 639 A.2d 507 (1994); Miller v. UnitedTechnologies Corp., 233 Conn. 732, 744, 752-53, 660 A.2d 810
(1995).
With its motion Murphy filed a supporting memorandum together with the copy of the subject contract. Environmental filed only an opposition memorandum, primarily asserting that the contract document filed by Murphy was inadmissible hearsay. At the hearing on the motion, however, Environmental's counsel conceded that the document in fact was a copy of the signed contract.
In its opposing memorandum, Environmental asserts that its cross-claim is not based on tort, but rather is based on contract. The contract provision apparently relied on is that appearing in the first paragraph of page 2, providing in relevant part that the training and supervising of Murphy Security personnel (such as the underlying plaintiff) was the responsibility of Murphy.
The gravamen of Environmental's claim is that the contractual obligation to train and supervise was breached by the underlying plaintiff's injury at Environmental's premises. In effect, Environmental is claiming a contractual right of indemnity. No such indemnity provision is contained in the contract. Nothing in the contract affords any basis for such an extraordinary and far reaching interpretation of the language regarding supervision and training. Environmental filed no affidavit, or other documentary evidence in support of its interpretation. See Practice Book § 380. No genuine issue as to any material fact exists.
Where as here the parties have their agreement in writing, "their intention is to be determined from its language and not on the basis of any intention either may have secretly entertained."Thompson Peck, Inc. v. Harbor Marine ContractingCT Page 5578-ZZZZCorporation, 203 Conn. 123, 130-31 (1987). The contract is clear on its face, and as a matter of law does not provide any basis in support of Environmental's claim. The court cannot create a new and different agreement. Bank of Boston Connecticutv. Schlesinger, 220 Conn. 152, 159 (1991).
The motion for summary judgment is granted. Judgment may enter in favor of Murphy Security System on the cross-claim against it of Environmental Waste Resources, Inc.
DAVID L. FINEBERG, J. Superior Court Judge