[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT BY THE PLAINTIFFDATED AUGUST 8, 1996
Pursuant to Practice Book § 379, the plaintiff tenant has moved for summary judgment in a civil lawsuit filed against the defendant landlord. Although the pleadings are not closed, the motion for summary judgment is in compliance with the Practice Book requirements. The operative complaint is the second amended complaint dated June 28, 1996.
FACTS
On February 18, 1992 the plaintiff tenant entered into a written lease concerning property at 1114 East Putnam Avenue, Greenwich, Connecticut in order to operate a restaurant in the CT Page 6417-E motel facilities owned and operated by the defendant landlord. Various disputes have arisen concerning the compliance with the lease terms by both the plaintiff and the defendant. A number of lawsuits have been filed by both parties. There is a pending summary process action.
This instant civil action is in six counts. The first count claims a breach of contract. The plaintiff claims that the defendant overcharged the landlord for utility and other expenses, failed to properly credit tenant's payments, violated the implied covenants of good faith and fair dealing and violated the covenant of quiet enjoyment. The second count realleges a good portion of the allegations of the first count and seeks damages for conversion. The third count alleges fraudulent misrepresentation. The fourth count alleges intentional interference with business relations. The fifth count realleges the prior counts and claims that those acts or omissions of the landlord were a breach of its duty to exercise good faith and fair dealing. The sixth count alleges essentially all of the prior counts and claims that those actions are unfair or deceptive trade practices in violation of CUTPA.
The plaintiff's claims for relief request damages, taxable costs, treble damages in the second count for conversion pursuant to the theft statute, C.G.S. § 52-264, treble damages in the CT Page 6417-F third count based upon fraudulent misrepresentation, punitive damages in the fourth count based upon intentional interference with business relations, treble damages in the fifth count based upon bad faith, and pursuant to the sixth count in CUTPA attorney's fees and punitive damages.
The parties have entered into a stipulation dated October 30, 1996 which relates to the documents, evidence and pleadings that this court can consider concerning this motion for summary judgment. The stipulation also relates to the plaintiff's pending application for a prejudgment remedy. The court has considered each and every one of the documents, the evidence and the pleadings referred to in the October 30, 1996 stipulation in deciding this motion for summary judgment.
DISCUSSION OF LAW
A motion for summary judgment may be brought at any time even though the pleadings are not closed. Practice Book § 379. The motion for summary judgment has been timely filed. Counsel have had adequate time for the preparation of supporting material, memoranda and affidavits. The standards for granting a motion for summary judgment are contained in Practice Book § 384. "The judgment sought shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no CT Page 6417-G genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." It is the burden of the moving party to show the absence of any genuine issue as to all the material facts under the applicable principles of substantive law. Gambardella v. Kaoud, 38 Conn. App. 355, 358
(1995). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Connecticut Bank Trust Co., v. Carriage LaneAssociates, 219 Conn. 772, 781 (1991). "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski, 206 Conn. 495, 500 (1988). With these general standards in mind, the court will address the issues raised by the Motion for Summary Judgment.
CONCLUSION
The court has examined the lease between Northeast Hotel Associates, Inc. as landlord and Charlie Brown, Inc. as tenant, dated February 18, 1992. The lease is not clear nor complete. Page 1, Paragraph 1 describes the premises as "consisting of a restaurant, banquet facility, kitchen and office space, such premises being located in Greenwich Connecticut, and more fully described on Exhibit `A' annexed hereto. (the `Premises'). The Premises is located adjacent to Landlord's existing Howard CT Page 6417-H Johnson Motor Lodge, (the `Motor Lodge')." The court has examined Exhibit A attached to the lease which is supposed to be a more particular description of the leased premises. Exhibit A states as follows: "Description (floor plan to be provided within 30 days and initialled by both Landlord and Tenant). Premises to consist of restaurant facility consisting of Dining Room, Lounge, Kitchen, Banquet Kitchen, Banquet Office, Storage, at 1114 Boston Post Road, Greenwich Connecticut which Premises are part of the Landlord's existing Howard Johnson Motor Lodge."
The evidence clearly established that the restaurant facilities are located within the same physical structure as the Howard Johnson Motor Lodge. No floor plan was marked as an exhibit. No floor plan was appended or annexed to the February 18, 1992 lease. There was no evidence that a floor plan was initialled by the parties. There was no evidence offered indicating that the floor plan had even been agreed to, much less prepared. There was conflicting evidence as to what portion of the property was the leased premises and what portions of the property the tenant had the right to use. There is a genuine issue of material fact, i.e., the extent of the demised premises.
Paragraph 22 of the Lease requires the tenant "to pay promptly, as and when the same become due and payable, all water rents, rates and charges, all sewer rents and all charges for CT Page 6417-I electricity, gas, steam, hot water and other utilities (each charge individually a `Utility Charge' and collectively the`Utility Charges', and each service individually a `Utility' and collectively the `Utilities') supplied to the Premises. If the Premises are separately metered, Tenant shall pay the amount billed and if the premises are not separately metered Tenant shall pay its proportionate share of all Utility Charges." The evidence indicated that certain of the utilities were separately metered but not all were separately metered throughout the entire lease. The utility paragraph did not describe how the proportionate share of utility charges was to be determined. Testimony demonstrated that the landlord unilaterally determined how much the tenant would pay for its share of the utility charges. Evidence was offered that the landlord's unilateral act overbilled the tenant for certain utility costs including that provided by the Connecticut American Water Company. The Connecticut American Water Company later conducted an audit which showed that the tenant had substantially overpaid the utility charges for water. There is a genuine issue as to the material fact of how the utility charges are to be determined.
The parties submitted charts into evidence to demonstrate the tenant's lease responsibilities. The landlord prepared the charts. The claimed amount due by tenant varied from exhibit to exhibit. The parties did not agree as to any amount due landlord CT Page 6417-J by tenant or even that tenant owed landlord any money at all. There was testimony by deposition from the front office manager of the defendant that the landlord's financial records were a mess. He was hired to organize the front office. There appears to be a genuine issue as to the material fact of the amount of arrears, if any.
There is a dispute as to whether or not the tenant should be entitled to credit for a rent payment allegedly made at the motel's front desk. Even though the landlord stated that it was a policy, such a payment should not have been made to the front desk, the tenant produced a signed receipt. The payment, the landlord's policy and the signature on the receipt are all in dispute.
The motion for summary judgment is denied.
BY THE COURT
KEVIN TIERNEY, JUDGE