[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT OFDEFENDANTS VINNIE'S PIZZA AND VINCISLAO CRUDELE (#124)
The Plaintiff Jack Horn has brought this complaint in nine counts claiming injuries for a slip and fall that occurred on March 4, 1993 on premises known as Crossbow Plaza in Waterbury, Connecticut (the "Property"). The Property apparently is a small strip shopping center containing several retail establishments and a large parking area. Separating the parking area from the retail establishments is a sidewalk which runs in front of and parallel to the retail establishments. The Defendant D.J.M. Associates is the owner of the property, and lessor of the leases to the lessee occupants of the retail establishments.
The Eighth and Ninth Counts sound in negligence and are directed against the Defendants Vinnie's Pizza and Vincislao CT Page 4398 Crudele, a principal of Vinnie's Pizza (the "moving Defendants").[1] These counts are substantially identical. Paragraph 4 alleges that the Plaintiff was lawfully on the Property as a customer of another retail establishment located thereon. Paragraph 5 alleges that the Plaintiff "slipped and fell in the designated parking area on the Property due to dangerous snow and icing conditions existing thereon." Paragraph 7 alleges that at all relevant times, each of these Defendants "maintained and retained control of said Property and was responsible for the maintenance, repair, supervision, snow removal and sanding of said property."[2]
The Defendants Vinnie's Pizza and Vincislao Crudele have moved for summary judgment on the Eighth and Ninth Counts. "Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."Gambardella v. Kaoud, 38 Conn. App. 355, 358, 660 A.2d 877
(1995). "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) Catz v. Rubenstein,201 Conn. 39, 48, 513 A.2d 98 (1986). "The party moving for summary judgment has the burden of showing the absence of any genuine issues as to all the material facts, which under applicable principles of substantive law, entitle him to judgment as a matter of law. To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Suarez v. Dickmont Plastics Corp. ,229 Conn. 99, 105, 639 A.2d 507 (1994); Miller v. United TechnologiesCorp. , 233 Conn. 732, 744, 752-53, 660 A.2d 810 (1995).
It is axiomatic that possession and control of a premises is the legal basis for determining liability for injuries that occur thereon. Smith v. Housing Authority, 144 Conn. 13 (1956). "The word `control' has no legal or technical meaning distinct from that given it in popular acceptation . . . and refers to the power or authority to manage, superintend, direct or oversee and maintain." Panaroni v. Johnson, 158 Conn. 93, 98 (1969).
The moving Defendants assert that they neither owned, possessed nor controlled the subject parking area. Rather, they assert, the parking area at the relevant time was in the possession and control of the Property owners and lessor, the CT Page 4399 Defendant D.J.M. Associates and that D.J.M. Associates, not the moving Defendants, was responsible for the parking area maintenance and snow removal. In support of this assertion, the moving Defendants, pursuant to Practice Book § 380 have submitted portions of their lease, the affidavit of the Defendant Crudele, and the confirming admissions of the Defendant D.J.M. Associates and its Defendant partners.[3] These submissions are conclusive. The Plaintiff relies on a sentence in § 7.03 of the subject lease, which provides that the "Lessee is further responsible for all snow removal and sanding of the common areas immediately in front of the leased premises." Plaintiff asserts that this sentence means, or raises a genuine issue of fact, that the moving Defendants (and presumably all other lessees) are responsible for that portion of the parking area "immediately in front of" their leased premises.
Taken literally, the Plaintiff's assertion would mean that the parking area is divided into slivers of responsibility, each running perpendicular to the front of each particular retail establishment. Not only is this result incongruous, but it runs counter to the position of the parties to the lease as set forth in the supporting documents submitted by the moving Defendants. "A contract must be construed to effectuate the intent of the contracting parties." Leonard Concrete Pipe Co. v. C.W. Blakeslee Sons, Inc., 178 Conn. 594, 598 (1979).
In addition, the Plaintiff has produced nothing to indicate that the alleged slip and fall occurred "in front of" the moving Defendants' leased premises. The statement in Plaintiff's supporting memorandum that "the fall occurred in a parking space near Defendants' pizza palace" is insufficient.
There is no genuine issue as to any material fact. The motion for summary judgment is granted. Judgment may enter in favor of the moving Defendants, Vinnie's Pizza and Vincislao Crudele.
DAVID L. FINEBERG, J. Superior Court Judge