[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant, Connecticut Mutual Life Insurance (hereinafter "Conn. Mutual") filed a motion for summary judgment arguing that because it is, at most, the owner of property which abuts property owned by City of Hartford, the plaintiff cannot maintain an action against it for her personal injuries. The plaintiff, Annie Carter, filed an objection, claiming that because the CT Page 5430 defendant admitted that he owned property, which, presumably, is adjacent to the site where she slipped and fell[1], the issue of control is in dispute. The plaintiff also claims that state and municipal law impose certain duties upon property owners to maintain sidewalks and that this duty prevents the defendant from being entitled to judgment.
This case involves a slip and fall on city property in Hartford. The plaintiff's complaint alleges that she fell "approximately ten feet from Helco Pole Number 9560 at a point approximately forty-three feet and nine inches from the right hand corner of the building marked 128 Collins Street in the city of Hartford, State of Connecticut.[2]" The complaint also alleges that the property located at 195-205 Garden Street, in the town of Hartford was owned, operated, maintained, possessed and controlled by Conn. Mutual[3]. In addition to Conn. Mutual, the defendants in this case are the City of Hartford; Cornerstone Real Estate Advisors, Inc.; Garden Associates; the Commissioner of the Department of Transportation; and Learning and Laughing Children's Daycare, Inc. The defendant City of Hartford admitted, in response to a Request to Admit, that the property upon which the plaintiff fell was a "public sidewalk." Conn. Mutual admitted in its answer to the complaint that it owned the property located at 195-205 Garden Street.
The issue presented to this court is whether there is any support for the plaintiff's claim that Conn. Mutual had a duty to keep the public sidewalk safe. For reasons more fully stated below, this court holds that there are no issues of material fact to support the plaintiff's claim that Conn. Mutual owed such a duty.
"Summary judgment is a method of resolving litigation when the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . .Strada v. Connecticut Newspapers, Inc., 193 Conn. 313, 316-17,477 A.2d 1005 (1984). Wilson v. New Haven, 213 Conn. 277, 279,567 A.2d 829 (1989). The party moving for summary judgment has the burden of showing the absence of any genuine issues as to all the material facts, which under applicable principles of substantive law, entitle him to judgment as a matter of law. To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. CT Page 5431Dougherty v. Graham, 161 Conn. 248, 250, 287 A.2d 382 (1971)." (Internal quotation marks omitted). Gambardella v. Kaoud,38 Conn. App. 355, 358, 660 A.2d 877 (1995).
The defendant relies primarily upon Wilson v. New Haven,supra, 213 Conn. 277, to support its argument that it had no duty to maintain the public sidewalk. In Wilson, the court held that "the plaintiff has not raised material issues of fact regarding the creation of a duty owed by the abutting landowner. The plaintiff fell on a public sidewalk as a result of a condition that was not created by and was not within the control of the abutting landowner." Id. at 282. An abutting landowner does not normally assume a duty to keep public sidewalks in front of his property in safe condition. Id. at 280. Such a duty, however, may be imposed by statute or ordinance, or where the plaintiff establishes that the landowner exercised control over the property. Id.
Although neither party addressed this issue in their briefs or during oral arguments, a duty may also be created for an abutting landowner by its own positive acts. An abutting landowner may be held liable for injuries sustained on a public sidewalk if the landowner makes certain positive acts, such causing the creation of the dangerous condition. Gambardella v.Kaoud, supra, 38 Conn. App. at 359 (Allegation that the defendant had caused or allowed "sand, sticks, and debris to accumulate on said walkway, thereby covering and concealing from view the cracked surface thereof . . ." was considered a sufficient claim of a positive act to raise the issue as to whether or not he had a duty to keep abutting property in safe condition.)
The plaintiff challenges the assertion that Conn. Mutual owed no duty to maintain the public sidewalk by arguing that there is a municipal ordinance requiring that abutting landowners keep their sidewalks in good repair. Section 31-35 of the Hartford Municipal Code provides that: "[w]henever the owner or occupant of any premises fronting upon any street in the city . . . refuses to keep his sidewalk . . .in good repair, it shall be the duty of the director of public works to install, replace or repair the same." The plaintiff also included in her brief a reference to § 13a-149 which allows a person injured upon a defective road to recover from the party responsible for maintaining the road[4]. Finally, the plaintiff asserted that the motion for summary judgment must be denied because the issue of control is a factual one. CT Page 5432
Applying the reasoning in Wilson, and Gambardella this court holds the following. The plaintiff has failed to raise any material issues of fact as to the creation of a duty on the part of Conn. Mutual. The facts presented to this court do not support such a claim. The plaintiff has not pled any positive acts on the part of Conn. Mutual which would give rise to a duty to maintain the abutting walkway. This court does not find that either the Municipal Code or the defective road statute create a legal duty on the part of the defendant. Therefore the defendant is entitled to judgment and its motion is granted.
ANGELA CAROL ROBINSON, JUDGE, SUPERIOR COURT