[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION DEFENDANT'S OBJECTION TO PLAINTIFF'S REQUEST TO AMEND COMPLAINT
Plaintiff seeks to amend her complaint over defendant's objection. CT Page 5973 Plaintiff, Cynthia Schumacher, seeks to recover damages from the defendant landowner, Wanna Sue Morey, alleging that the landowner allowed a metal pipe to protrude from the sidewalk causing the plaintiff's injuries when she tripped over it. The plaintiff filed the original complaint on December 3, 1998, against the defendants Wanna Sue Morey, Bridgeport Hydraulic Company, and the City of Shelton. On September 1, 2000, the plaintiff withdrew her complaint against Bridgeport Hydraulic Company and the City of Shelton, leaving Morey as the sole defendant. On September 25, 2000, the plaintiff filed a request to amend the complaint adding a third count in nuisance.
When a plaintiff does not amend the complaint within thirty days following the return date, a request to amend is necessary. Practice Book § 10-60. The defendant has filed a timely objection. "The motion to amend is addressed to the trial court's discretion which may be exercised to restrain the amendment of pleadings so far as necessary to prevent unreasonable delay of the trial. . . . It is within the discretion of the trial court to grant or deny an amendment. . . ." (Citations omitted.)Connecticut National Bank v. Voog, 233 Conn. 352, 364-65, 659 A.2d 172
(1995). Although courts have been liberal in permitting amendments, this liberality has limitations. Id., 364. "Amendments should be made seasonably. Factors to be considered in passing on a motion to amend are the length of the delay, fairness to the opposing parties and the negligence, if any, of the party offering the amendment." Id.
The defendant objects to the plaintiff's request to amend the complaint on the ground that the original complaint, which contained two counts in common law and statutory negligence, made no allegations of nuisance and, therefore, the proposed amendment creates a new cause of action. The defendant cites Sharp v. Mitchell, 209 Conn. 59, 71, 546 A.2d 846
(1988), for the proposition that "[a] cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief." In Sharp, a new cause of action was perceived and the amendment sought was barred by the statute of limitations because the original complaint and the amended complaint involved "two different sets of circumstances and [depended] on different facts to prove or disprove the allegations of a different basis of liability." Id., 73.
In the proposed amendment, however, the plaintiff's new count in nuisance purports to rely on the same set of basic allegations as the original two counts in negligence. In deciding whether to sustain or overrule the defendant's objection to the request to amend, it is necessary to examine the characteristics of a claim of nuisance and whether it is substantially the same as the plaintiff's original claims in negligence. "A nuisance, whether public or private, describes an CT Page 5974 inherently dangerous condition that has a natural tendency to inflict injury upon persons or property." Quinnett v. Newman, 213 Conn. 343,348, 568 A.2d 786 (1990). The Appellate Court has held previously that a defendant's act in failing to maintain a walkway can form the basis for the defendant's liability in either negligence or nuisance. Gambardellav. Kaoud, 38 Conn. App. 355, 358, 660 A.2d 877 (1995). The gravaman of plaintiff's new allegation is that the pipe was left to stick out above the sidewalk and the requirements plaintiff must meet to prove that this was a nuisance are essentially the same as the requirements for negligence. The court will allow the plaintiff's amendment to the complaint because the acts that gave rise to the claims for negligence are not separate and distinct from the acts that gave rise to the alleged nuisance claim. "A change in the allegations of liability . . . does not necessarily amount to the introduction of a new cause of action." Jonapv. Silver, 1 Conn. App. 550, 556, 474 A.2d 800 (1984).
The new count will be permitted and is not barred by the applicable statute of limitations, General Statutes § 52-584. "An amended complaint if permitted, relates back and is treated as filed at the time of the original complaint. . . ." Id., 555.
The defendant also objects to the plaintiff's request to amend the complaint on the ground that it is improper because it was filed less than three weeks before the case was scheduled to go to trial. Although the court believes the timing of the plaintiff's request to amend is late in the proceedings, it should not be fatal to the plaintiff's request since no additional facts are alleged and presumably no additional evidence is required. The defendant has been on notice since September, 2000, that she may be required to defend a claim in nuisance and careful scrutiny would alert the prudent defendant that it stood a fair chance of coming in. In addition, the defendant has the option to request a postponement of the trial should she believe that this is necessary.
Finally, during oral argument on the request to amend, the defendant argued that the allegations of the amended count are conclusory and that Connecticut law does not recognize an action against a landowner who abuts a sidewalk absent a statute or ordinance. These arguments are best suited to a motion to strike and, therefore, will not be addressed. "The proper method to challenge the legal sufficiency of a complaint is to make a motion to strike prior to trial." Gulack v. Gulack, 30 Conn. App. 305,309, 620 A.2d 181 (1993).
The Court
By Nadeau, J. CT Page 5975