[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO STRIKE
The defendant, Wanna Sue Morey, moves to strike count three of the plaintiff's complaint, alleging nuisance, on the ground that it is legally insufficient because it fails to allege any positive acts by the defendant that resulted in the allegedly defective condition of the sidewalk that abuts her property. "The proper method to challenge the legal sufficiency of a complaint is to make a motion to strike prior to trial." Gulack v. Gulack, 30 Conn. App. 305, 309, 620 A.2d 181 (1993)
The plaintiff, Cynthia Schumacher, objects to the motion to strike arguing that her allegation that the defendant was in control and possession of the metal pipe that protruded from the sidewalk is sufficient to establish a cause of action in nuisance.
"An abutting landowner, in the absence of statute or ordinance, ordinarily is under no duty to keep the public sidewalk in front of his property in a reasonably safe condition for travel." Wilson v. New Haven,213 Conn. 277, 280, 567 A.2d 829 (1989). The Supreme Court, however, has recognized that abutting property owners can be held liable in negligence or public nuisance for injuries resulting from an unsafe condition of a public sidewalk caused by positive acts of the defendant. Gambardella v.Kaoud, 38 Conn. App. 355, 358, 660 A.2d 877 (1995)
The present case is distinguished from. those cases cited by the defendant in which the court found that the plaintiff's allegations constituted an omission by the defendant, rather than an affirmative act, that created the sidewalk's defective and dangerous condition.[1]
See Fecteau v. Town of Stratford, Superior Court, judicial district of CT Page 10944 Fairfield at Bridgeport, Docket No. 339523 (December 17, 1998, Melville,J.); McMahon v. New Haven, Superior Court, judicial district of New Haven at New Haven, Docket No. 370570 (May 20, 1998, Moran, J.). In Loda v.Ansonia, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 035496 (December 16, 1992, McGrath, J.), another case cited by the defendant, the court denied the motion to strike holding that "the plaintiff has alleged that certain affirmative acts of the abutting landowner . . . were responsible for the creation of the defect in the sidewalk, a condition that defendant . . . knew or should have known could lead to harm, and that plaintiff sustained an injury because of those acts."
In the present case, the allegations of the complaint are analogous toGambardella v. Kaoud, where the plaintiffs alleged, inter alia, that their injuries were caused by the defendants in that said defendants caused and/or did allow sand, sticks, and debris to accumulate on said walkway, thereby covering and concealing from view the cracked surface thereof . . . (Internal quotation marks omitted.) Gambardella v. Kaoud, supra, 38 Conn. App. 359. The plaintiff, Schumacher, alleges that the defendant, Morey, had possession and control of the metal pipe that protruded from the sidewalk. This court finds that the allegation is sufficient to establish a positive act by the defendant which resulted in the creation of the alleged nuisance. For this reason, the defendant's motion to strike count three is denied.
 ___________________ MORAN, JUDGE