[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (#122)
The plaintiff, Sandra Forster, alleges she was injured when she slipped and fell in front of 181 Lexington Street and 48 Henderson Street, Bristol, Connecticut, due to the dangerous and defective condition of the sidewalk. The defendant, Raffaela Ruggerio, who owned 181 Lexington Street at the time of the plaintiff's fall, moves for summary judgment as to the third count of the complaint (the only count addressed to her) on the ground that she does not owe a duty to the plaintiff and she is not liable for the plaintiff's injuries. The plaintiff timely filed a memorandum in opposition (#125), and Ruggerio filed a reply (#130). The court heard oral argument on August 13, 2001. After reviewing the relevant pleadings and submissions, the court issues this memorandum of decision.
The plaintiff argues that Ruggerio has a legal duty to maintain the sidewalk in a safe condition that results in a corresponding legal liability. An earlier decision by this court in this case, Forster v.Bristol, Superior Court, judicial district of New Britain, Docket No. 494356 (July 24, 2001, Shapiro, J.), set forth the standards for the granting of summary judgment and clearly addressed this argument. The duty to maintain town sidewalks is placed on the municipality. See General Statutes § 7-148 (c)(6)(C)(i)-(iv). "Municipalities may require property owners to remove debris and other obstructions from abutting sidewalks. See General Statutes § 7-148 (c)(6)(C)(v). Pursuant to § 7-148, municipalities also may levy penalties against abutting landowners for their failure to remove such debris and obstructions." (Citation omitted.) Moss v. City of Bristol, Superior Court, judicial district of New Britain, Docket No. 487562 (December 21, CT Page 12288 1999, Graham, J.). A private cause of action against an abutting landowner for injuries incurred as a result of a defective sidewalk exists only if a town ordinance specifically allows for one. See Dreherv. Joseph, 60 Conn. App. 257, 263, 759 A.2d 114 (2000); see alsoWilloughby v. New Haven, 123 Conn. 446, 454, 197 A. 85 (1937); Caquiasv. Hartford, Superior Court, judicial district of New Britain, Docket No. 488133 (February 8, 2001, Shapiro, J.). There is no language in the Bristol ordinances that imposes liability for injuries to third parties upon abutting landowners. See also Moss v. City of Bristol, supra, Superior Court, Docket No. 487562 (analyzing § 21-37 and § 21-48
of the Bristol Code). Furthermore, there is no statutory authority permitting a municipality to transfer its liability to abutting landowners in the case of a defective sidewalk. See Tucker v. Windsor, Superior Court, judicial district of Hartford at Hartford, Docket No. 590539 (January 5, 2001, Rittenband, J.); Moss v. Bristol, supra, Superior Court, Docket No. 487562; Radley v. Westport, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 165514 (March 31, 1999, D'Andrea, J.); Hutchinson v. Danbury, Superior Court, judicial district of Danbury, Docket No. 331013 (February 8, 1999, Radcliffe,J.). Accordingly, the court finds that Ruggerio is not liable as an abutting landowner under the Bristol ordinances for the plaintiff's injuries.
The plaintiff also argues in objection to the present motion that the defendant's positive acts caused the defect and the resulting injuries to the plaintiff There is no allegation made that the sidewalk's condition was created by an act of Ruggerio. Instead, the plaintiff argues, "[t]he act of letting the sidewalks fall into disrepair, and not making a reasonable inspection to ensure pedestrians using the sidewalks would have a safe pass-way, is a positive act." (Plaintiff's Memorandum In Opposition, dated June 14, 2001, p. 3.)
An abutting landowner is liable for a hazardous condition on a public sidewalk that is of his own creation. See Wilson v. New Haven,213 Conn. 277, 281, 567 A.2d 829; Gambardella v. Kaoud, 38 Conn. App. 355,358-359, 660 A.2d 877 (1995); Tucker v. Windsor, supra, Superior Court, Docket No. 590539. The plaintiff's allegations are not "positive acts" that create legal "liability in the defendant. See Hanlon v. Waterbury,108 Conn. 197, 142 A. 681 (1928) (allowing gasoline to be spilled and remain on a sidewalk is a positive act); Gambardella v. Kaoud, supra,38 Conn. App. 355 (allowing sticks, sand and debris to accumulate on a sidewalk, thereby hiding the existing defect in the sidewalk, is a positive act); Wilson v. New Haven, supra, 213 Conn. 281 (allowing a sidewalk to fall into disrepair is not a positive act); Tucker v.Windsor, supra, Superior Court, Docket No. 590539 (same). Accordingly, the court finds that there is no allegation and no fact in dispute CT Page 12289 involving a positive act by Ruggerio which could make her liable for the plaintiff's injuries.
Ruggerio's motion for summary judgment is hereby granted. It is so ordered.
BY THE COURT
ROBERT B. SHAPIRO JUDGE OF THE SUPERIOR COURT