[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
FACTS
This matter was heard by the Honorable Andre Kocay who died prior to issuing a decision. Upon review of and familiarization of myself with the proceedings, I issue this decision pursuant to General Statutes §51-183f and Stevens v. Hartford Accident and Indemnity Co.,29 Conn. App. 378, 383-86 (1981).
The plaintiff, Julia Boice, filed an amended complaint on February 28, 2001, alleging negligence and nuisance in four counts against the defendants, the City of New Britain (City), the Young Women's Christian Association (YWCA) and Metro Leasing Corporation, doing business as Dura Construction Company, (Dura), for injuries she suffered from a fall on a cracked sidewalk located in the City of New Britain. Boice alleges that the YWCA hired Dura to do construction work near the sidewalk and that the work caused a dangerous condition on the sidewalk. Counts one (negligence) and three (nuisance) are against the City. Counts two (negligence) and four (nuisance) are each against both the YWCA and Dura.
On March 21, 2001, Dura filed an answer and special defense alleging that Boice was negligent in failing to keep a proper lookout as she walked on the sidewalk and that this negligence was a substantial factor in bringing about her injury.
On August 26, 2002, the defendant Dura moved for summary judgment on the ground that there are no genuine issues of material fact in dispute and it is entitled to judgment as a matter of law because it did not owe a duty to the plaintiff since it did no construction work where she fell. Dura filed a memorandum of law and the following exhibits in support of its motion for summary judgment: (1) uncertified excerpts of Boice's deposition testimony; (2) an uncertified copy of a statement Boice made to an insurance adjuster; (3) a copy of a request for CT Page 2478-l admissions that Dura directed to Boice; and (4) an affidavit from Dura's attorney, William F. Corrigan.
On October 25, 2002, Boice filed a memorandum in opposition to Dura's motion for summary judgment. Boice included the following exhibits in support of her memorandum in opposition to the motion for summary judgment: (1) a copy of the notice of injury signed by the New Britain Town Clerk's Office that identifies the location of the cracked sidewalk; (2) twelve unverified photographs of the sidewalk and surrounding area; (3) an unverified copy of the ambulance dispatch record; and (4) an uncertified copy of her deposition. Boice argues that the allegations in her complaint of a positive act by Dura raise a material issue of fact as to whether Dura owed her a duty and that Dura has failed to supply evidence to refute her allegations. Boice also argues that Dura's motion for summary judgment was filed after the case had been scheduled for trial and that Dura did not seek the court's permission pursuant to General Statutes § 17-44 and, therefore, the motion for summary judgment should be denied.
The pleadings and other documents presented reveal the following undisputed facts. On April 30, 1999, at approximately 9:00 a.m., Boice was walking on the sidewalk in a northeasterly direction in front of 22 Glen Street, which is a building owned by the YWCA. (Boice's Amended Complaint, Fourth Count, ¶ 4; Boice Deposition, pp. 13, 15.) Boice tripped over a cracked sidewalk and fell and was taken by ambulance to New Britain General Hospital where she was diagnosed with personal injuries. (Boice Deposition, pp. 16, 24, 25.) The YWCA hired Dura to do construction work on or around the area of 22 Glen Street. (YWCA's Answer to the Amended Complaint, Second Count, ¶ 3.)
 DISCUSSION
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Practice Book § 17-49. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Internal quotation marks omitted.) Buell Industries, Inc. v. Greater NewYork Mutual Ins. Co., 259 Conn. 527, 550, 791 A.2d 489 (2002). "A CT Page 2478-m material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) Id., 556. "[T]he court's function is not to decide issues of material fact, but rather to determine whether any such issues exist."Nolan v. Borkowski, 206 Conn. 495, 500, 538 A.2d 1031 (1988). The granting of summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. UnitedTechnologies Corp. , 233 Conn. 732, 751, 660 A.2d 810 (1995). "The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact."Id., 752. "Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." (Internal quotation marks omitted.) Fogarty v. Rashaw, 193 Conn. 442,446, 476 A.2d 582 (1984). Summary judgment is particularly "ill-adapted to negligence cases, where . . . the ultimate issue in contention involves a mixed question of fact and law, and requires the trier of fact to determine whether the standard of care was met in a specific situation . . . [T]he conclusion of negligence is necessarily one of fact . . ." (Citations omitted; internal quotation marks omitted.) Michaud v.Gurney, 168 Conn. 431, 434, 362 A.2d 857 (1975).
Dura argues that there are no disputed facts and it is entitled to judgment as a matter of law because it did not owe Boice a duty since it did no construction work where Boice fell. Dura further argues that Boice admits in her statement to the insurance adjuster that she did not fall in the area where Dura worked and that she also acknowledges that the condition of the sidewalk where she fell was not changed by Dura's work. Boice argues in opposition that she has raised a material issue of fact by alleging in the complaint that Dura acted in a positive manner on the sidewalk, that this action caused her injury, and that Dura has failed to supply evidence to the contrary.
"If an abutting owner, a contractor or any other person by his act made a dangerous hole in a sidewalk he would have committed a nuisance for which he would be responsible in damages for injury resulting from his act." Hanlon v. Waterbury, 108 Conn. 197, 142 A. 681 (1928). "[The] allegation . . . of a positive act by the defendants . . . if proved at trial, could form the basis for the defendant's liability in negligence or public nuisance . . . [If] the defendants [fail] to adduce evidence in support of their motion for summary judgment to establish the absence of a factual dispute in connection with this allegation . . . summary judgment [is] inappropriate." (Citations omitted.) Gambardella v. Kaoud,38 Conn. App. 355, 359, 660 A.2d 877 (1995).
In Gambardella v. Kaoud, supra, 38 Conn. App. 359-60, the Appellate CT Page 2478-n Court reversed a trial court decision that granted summary judgment for the defendants where the plaintiff alleged in the complaint that the defendants caused an accumulation of debris on the sidewalk. Even though the defendants produced affidavits denying that they caused any unsafe conditions, the court held that the defendants had not met their burden of providing evidence to establish the absence of a material fact in dispute. See id., 360.
Boice's amended complaint alleges that Dura "[c]aused . . . said public sidewalk to be . . . defective, broken . . . uneven, unsafe, and dangerous for the use of the public . . ." (Boice's Amended Complaint, Second Count, ¶ 4.) Dura includes an affidavit of its attorney, William F. Corrigan, stating that he had a telephone conference with Boice's attorney, Kenneth John Laska, in which Mr. Corrigan attempted to resolve Boice's objections to Dura's request for admissions, but was unsuccessful. (Corrigan Affidavit, p. 1.) Dura includes no other affidavits and relies on Boice's statement to an insurance adjuster which provides, in pertinent part:
Q. Is there anything else about the incident itself? I mean, do you recall that sidewalk being that way before or [had you] just not noticed it before?
A. Probably never noticed it, but, you know, I walk that sidewalk from the parking lot every week, it just so happens. I don't know, just never noticed it. Just walking and just go on. You know, you don't think of things like that.
Q. Okay. Do you remember them doing some repairs, putting in a new tank in that general vicinity and not [too] recent past?
(Boice Statement of May 11, 1999, p. 13.)
A. Well they did work. I mean there was some work done on the sidewalk. It seems to me it was done below . . . where I fell.
Q. About how far do you think?
 * * *
A. Oh, I don't know. I would say from about where you are over to this couch anyway.
 * * * CT Page 2478-o
Q. Okay. So they've got some new sidewalk there?
A. The sidewalk. I don't know if it's new or not, but it looks like it's patched to me.
Q. Okay. But it's pretty evident that there's a patch there. That's where they had done the repairs and this is probably . ..
 A. This is quite a ways up from that.
Q. Uh-huh. Okay. So we don't really know why this is that way. And you don't remember seeing it that way before, right?
(Boice Statement of May 11, 1999, p. 14.)
A. I may have seen it, but I don't pay any attention to it, you know.
Q. I'm just trying to see if there had been — maybe somebody put a piece of heavy construction equipment or something on it and caused it to break or?
A. I don't think it was that. It's been that way for a while.
Q. Okay. And do you know if anybody else has ever complained about that or tripped over it or anything?
 * * *
A. And at different times I've heard people say that they have almost fallen.
Q. Okay. And that's been over what, the last three months, six months?
 A. Longer than that.
(Boice Statement of May 11, 1999, p. 15.)
Viewing the evidence in the light most favorable to the nonmoving party, together with the inferences that could reasonably be drawn from that evidence, the statement relied on by Dura is not sufficient to contradict the allegations of the amended complaint and establish that Dura did not act in a positive manner on the sidewalk at the location where Boice fell. CT Page 2478-p
Based on the holding of Gambardella v. Kaoud, Boice has alleged a positive act by Dura, and Dura has not raised sufficient evidence to show that there is no genuine issue of material fact in dispute. Accordingly, summary judgment is denied.
 BY THE COURT Hon. Vanessa L. Bryant
CT Page 2478-q