DOROTHY DREHER *v.* CHARLES JOSEPH, JR., ET AL.
(AC 18576)

Foti, Landau and Spallone, Js.

---

Argued December 13, 1999—officially released October 3, 2000

*Arnold L. Beizer*, for the appellant (plaintiff).

*Constance L. Epstein*, with whom, on the brief, was *Marla L. Seligson*, for the appellee (named defendant).

*Thomas R. Gerarde*, for the appellee (defendant borough of Jewitt City).

*Opinion*

SPALLONE, J. In this action sounding in negligence, the plaintiff, Dorothy Dreher, appeals from the judgment of the trial court rendered after it granted the motion for summary judgment filed by the defendant Charles Joseph, Jr. On appeal, the plaintiff claims that the court improperly concluded as a matter of law that absent a statute or ordinance to the contrary, the state does not recognize a cause of action against abutting landowners for injuries caused by defective public sidewalks. We affirm the judgment of the trial court.

The following facts are relevant to a resolution of this appeal. On October 19, 1995, the plaintiff slipped and fell on a raised and uneven portion of the public sidewalk adjacent to a building owned by the defendant. Thereafter, the plaintiff brought a three count complaint asserting negligence against Joseph, his tenant, Charlene Schultz, and the borough of Jewett City[1] for injuries allegedly sustained as a result of the fall, claiming that the defendants failed to keep the sidewalk in proper repair.

On February 6, 1998, Joseph[2] filed a motion for summary judgment on the ground that there was no genuine issue as to any material fact and that Connecticut law does not recognize a cause of action against an abutting landowner for injuries caused by defects in a public sidewalk, absent a statute or ordinance to the contrary. The court granted the defendant's motion on May 18, 1998. This appeal followed.[3]

"Our standard of review of a trial court's decision to grant a motion for summary judgment is well established. Practice Book § 384 [now § 17-49] provides that

---

[1] The original two count complaint, dated April 21, 1997, was brought against Joseph and Schultz, who operated a restaurant on the premises known as Charlene's Diner. The plaintiff amended the complaint on September 8, 1997, to add a statutory cause of action against the borough of Jewett City.

[2] All subsequent references to the defendant are to Charles Joseph, Jr., unless otherwise noted.

[3] It should be noted that the defendant Schultz filed a motion to strike the count against her on July 21, 1997, which was granted by the court on December 8, 1997. The action against the borough of Jewett City is pending. The decision granting summary judgment for the defendant, Charles Joseph Jr., however, is a final judgment for purposes of appeal. Practice Book § 61-3 provides that "[a] judgment disposing of only a part of a complaint . . . is a final judgment if that judgment disposes of all causes of action in that complaint . . . brought by or against a particular party or parties. Such a judgment shall be a final judgment regardless of whether judgment was rendered on the granting of a motion to strike . . . [or] by summary judgment . . . ." See *Connecticut National Bank* v. *Rytman*, 241 Conn. 24, 34–35, 694 A.2d 1246 (1997).

summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . .

"On appeal . . . [b]ecause the trial court rendered judgment . . . as a matter of law, our review is plenary and we must decide whether [the trial court's] conclusions are legally and logically correct and find support in the facts that appear in the record. . . . *Gateway Co.* v. *DiNoia*, 232 Conn. 223, 229, 654 A.2d 342 (1995)." (Citations omitted; internal quotation marks omitted.) *H.O.R.S.E. of Connecticut, Inc.* v. *Washington*, 57 Conn. App. 41, 43–44, 746 A.2d 820, cert. granted on other grounds, 253 Conn. 911, 754 A.2d 161 (2000).

The plaintiff claims that the court improperly granted the defendant's motion for summary judgment because § 21 of the charter of the borough of Jewett City (charter) renders abutting landowners liable for injuries caused by defective public sidewalks. We do not agree.

General Statutes § 13a-149 provides in relevant part that "[a]ny person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair. . . ." General Statutes § 13a-99 further provides in relevant part that "[t]owns shall, within their respective limits, build and repair all necessary highways and bridges . . . *except when such duty belongs to some particular person.* . . ." (Emphasis added.)

Section 21 of the charter provides that "[e]very person owning land within the Borough upon or adjacent to which is or may be a sidewalk paved, concreted, constructed or worked, shall at all times keep such sidewalk in a safe, convenient condition for the use of

the public and shall forthwith repair all defects which may occur in said sidewalk and at all times remove therefrom and keep the same free from all obstructions which in any way would impede public travel upon said sidewalk."

We note that a fair reading of the charter charges the abutting landowner with an obligation to keep the adjacent sidewalk in repair. Nothing in the language of § 21, however, expressly makes the abutting landowner liable for injuries caused by the defective condition of such a sidewalk.

Moreover, "[a]butting owners have only been held liable for injuries from defective sidewalks where under charter provisions they were not only charged with the duty of keeping sidewalks in repair but also expressly made liable for injuries occasioned by defective condition thereof." *Willoughby* v. *New Haven,* 123 Conn. 446, 454, 197 A. 85 (1937).

Furthermore, "[i]t is a general rule of construction of statutes or ordinances which impose upon property owners the performance of a part of the duty of a municipality to the public that a legislative intent is indicated, unless it is plainly expressed otherwise, that a breach thereof shall be remedial only by the municipal government or by enforcement of a penalty prescribed therein, and that there is no right of action to an individual citizen specially injured in consequence of such breach. The most conspicuous cases of this sort are those that deny liability to private suit for violation of the duty imposed by ordinance upon abutting property owners to maintain sidewalk pavements or to remove snow and ice from the walks." (Internal quotation marks omitted.) Id.

In 1981, the legislature enacted General Statutes § 7-163a, which not only permits a town to adopt an ordinance that requires abutting landowners to remove

snow and ice on public sidewalks, but also empowers the town to shift liability to the abutting landowner for injuries caused by a violation of the ordinance.[4] We are not aware, however, of any statutory counterpart that specifically enables a municipality to shift liability for raised or uneven sidewalks to abutting landowners.

"[W]hen a statute creates an exception to a general rule, it is to be construed strictly and its language is not to be extended beyond its evident intent." (Internal quotation marks omitted.) *State* v. *Anderson*, 220 Conn. 400, 404, 599 A.2d 738 (1991). Nothing in the language of § 21 of the charter shifts the liability for injuries caused by defective sidewalks to abutting landowners. We assume that the drafting of the ordinance and its enactment by the municipality was done within the framework of § 7-163a, which authorizes towns to impose an obligation on abutting owners of adjacent sidewalks for injury caused by the presence of ice and snow. The fact that the municipality in this case did not expressly shift liability to the landowner suggests that the municipality may have concluded that it had no power to do so and that the draftees were aware of this limitation. We cannot assume that the municipality acted in violation of its authority.

The plaintiff claims that the Superior Court, in *Dumas* v. *Schumanski*, Superior Court, judicial district of New

---

[4] General Statutes § 7-163a provides in relevant part: "(a) Any town, city, borough, consolidated town and city or consolidated town and borough may, by ordinance, adopt the provisions of this section.

"(b) Notwithstanding the provisions of section 13a-149 or any other general statute or special act, such town . . . shall not be liable to any person injured . . . by the presence of ice or snow on a public sidewalk unless such municipality is the owner or person in possession and control of land abutting such sidewalk . . . .

"(c) The owner or person in possession and control of land abutting a public sidewalk shall have the same duty of care with respect to the presence of ice or snow on such sidewalk toward the portion of the sidewalk abutting his property as the municipality had . . . and shall be liable to persons injured in person or property where a breach of said duty is the proximate cause of said injury. . . ."

London at Norwich, Docket No. 105155 (May 23, 1996) (16 Conn. L. Rptr. 613), interpreted § 21 of the charter in the context of § 13a-149 to mean that an abutting property owner *can* be held liable for injuries caused by a defective sidewalk. Id., 614. In *Dumas*, the court concluded that the language of § 13a-149, which provides that "[a]ny person injured . . . by means of a defective road or bridge may recover damages from the party *bound to keep it in repair*"; (emphasis added); clearly and unambiguously places liability for injuries caused by a defective road, including a sidewalk, on the party primarily responsible for its maintenance which, under § 21, is the abutting property owner. Id., 614.

*Dumas*, however, is not binding precedent, and, for the reasons previously stated, it also is not persuasive. Neither § 21 of the charter nor § 13a-149 explicitly makes abutting landowners liable for injuries caused by defective sidewalks; see *Willoughby* v. *New Haven*, supra, 123 Conn. 454; and it is the general rule of construction that even where an ordinance imposes on property owners a duty normally performed by the municipality, there is no private right of action unless plainly expressed in the ordinance. Id.

We conclude that the court acted properly and in accordance with applicable law when it granted the defendant's motion for summary judgment.[5] See *H.O.R.S.E. of Connecticut, Inc.* v. *Washington*, supra, 57 Conn. App. 43.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[5] In granting the motion, the court relied on the conclusion in *Sbriglio* v. *Hatch*, Superior Court, judicial district of Hartford, Docket No. 554466 (July 9, 1999), that "[u]nless a person in possession or control of property which abuts a sidewalk has created the defect, he has no liability to third parties injured on the defective sidewalk." We discourage a trial court, however, from adopting the decision of another trial court without its own finding of facts.