[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
This matter comes before the court on the defendant's motion for summary judgment (#109) as to count two of the complaint. The plaintiff commenced the instant action by a two count complaint dated June 12, 2000, against the defendants, the city of Bristol (count one) and Ronald A. Tata (count two). The motion before the court was filed by Tata seeking summary judgment on count two. Therefore, the court will not address count one.
In count two, the plaintiff alleges the following relevant facts. On May 12, 1999, the plaintiff was walking along a public sidewalk adjacent to 143 Meadow Street, Bristol, Connecticut (the property), when she fell and sustained personal injuries due to the dangerous and defective condition of the sidewalk. (See Complaint, June 12, 2000, count two, ¶ 4). At all relevant times, Tata owned the abutting property and had a duty to keep and maintain the adjacent public sidewalk in a reasonably safe condition pursuant to § 21-37 of the city of Bristol Ordinances.[1] (See Complaint, count two, ¶ 3).
According to the plaintiff, at the time of the fall and for a long time prior thereto, an unsafe and dangerous condition existed "in that one of CT Page 2577 the cement slabs of the sidewalk had a fissure of one and one-half inches causing the concrete slab to be above the other concrete slabs." (Complaint, count two, ¶ 5.) The plaintiff maintains that Tata, "in the exercise of reasonable care and inspection, knew or should have had notice and knowledge of this condition of the sidewalk at this place, but wholly failed and neglected to remedy this unsafe condition." (Complaint, count two, ¶ 6.) The plaintiff alleges that her injuries and damages were caused by Tata's negligence in the that: (1) the area was uneven, of varying height, and in a state of disrepair so that it rendered pedestrian traffic hazardous and dangerous; (2) the sidewalk was not reasonably safe for the uses and purposes intended; (3) Tata allowed and permitted the sidewalk at this point to become uneven, hazardous and defective and continued to maintain it in this condition; (4) Tata failed to repair this dangerous condition and failed to place barriers, or otherwise warn the public, Including the plaintiff, of the dangerous and hazardous condition; and (5) Tata failed and neglected to make proper and reasonable inspections of the sidewalk. (Complaint, count two, ¶ 7.)
Tata filed a motion for summary judgment dated October 11, 2000, accompanied by a supporting memorandum of law. The plaintiff filed an objection to the motion on November 30, 2000. In response to the objection, Tata filed a reply memorandum on December 11, 2000. The court heard oral argument at short calendar on February 5, 2001, and now issues this memorandum of decision.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Alvarezv. New Haven Register, Inc., 249 Conn. 709, 714, 735 A.2d 306 (1999); Practice Book § 17-49.
In his memoranda in support of summary judgment, Tata argues that, absent a statute or ordinance, an abutting landowner is not liable, at common law, for injuries resulting from a defective public sidewalk. Tata further maintains that § 21-37 shifts to abutting property owners the burden to maintain and repair the sidewalk, but not the liability for injuries caused by the defects thereon. Therefore, as the abutting property owner, he cannot be held liable for the plaintiff's injuries.
In opposition, the plaintiff argues that summary judgment is premature because a genuine issue of material fact exists with regard to Tata's duty to maintain the sidewalk under the city ordinance and under common law negligence. Specifically, she contends that her allegations involve negligence which is a determination to be made by the trier of fact. CT Page 2578
"The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury." RKConstructors, Inc. v. Fusco Corp., 231 Conn. 381, 384, 650 A.2d 153
(1994). "The issue of whether a defendant owes a duty of care is an appropriate matter for summary judgment, because the question is one of law." Pion v. Southern New England Telephone Co., 44 Conn. App. 657,660, 691 A.2d 1107 (1997). "Our analysis in this case begins and ends with the first element, duty." RK Constructors, Inc. v. Fusco Corp., supra, 384.
"An abutting landowner, in the absence of statute or ordinance, ordinarily is under no duty to keep the public sidewalk in front of his property in a reasonably safe condition for travel." Wilson v. New Haven,213 Conn. 277, 280, 567 A.2d 829 (1989); see also Dreher v. Joseph,60 Conn. App. 257 (2000).[2] Accordingly, under common law, Tata owed no duty to the plaintiff to keep the sidewalk reasonably safe.
Alternatively, the plaintiff claims that Tata owed a duty to her pursuant to Bristol Code § 21-37. The Connecticut legislature has enacted enabling legislation to permit municipalities to promulgate rules and regulations concerning sidewalks. Conn. Gen. Stat. §7-148(c)(6)(C). More specifically, pursuant to General Statutes §7-148(c)(6)(C)(v), municipalities may require property owners of land abutting sidewalks to remove debris and other obstructions therefrom. Nothing in the plain language of this statute, however, authorizes a municipality to shift liability to abutting landowners for injuries sustained from a defect in a sidewalk. See Mahoney v. Mobil Oil Corp., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 568849 (December 4, 1997, Aurigemma, J.) (21 Conn.L.Rptr. 138, 139).[3]
"[W]hen a statute creates an exception to a general rule, it is to be construed strictly and its language is not to be extended beyond its evident intent." internal quotation marks omitted. Dreher v. Joseph,60 Conn. App. 257, 262, ___ A.2d ___ (2000). Further "it is the general rule of construction that even where an ordinance imposes on property owners a duty normally performed by the municipality, there is no private right of action unless plainly expressed in the ordinance. Id., 263; see also Willoughby v. New Haven, supra 123 Conn. 446, 454, 197 A. 85
(1937).
Applying these rules of statutory construction, the court finds that Bristol Code § 21-37 requires property owners to maintain, repair, replace and keep clear the public sidewalks abutting their property. Nowhere in this ordinance does the city shift liability to adjacent property owners for injuries sustained thereon. Further, the ordinance CT Page 2579 does not create a private right of action in favor of injured passers by and against abutting owners. Thus, under these circumstances, "the abutting property owner's duty . . . is one owed [exclusively] to the city." Moss v. City of Bristol, Superior Court, judicial district of New Britain, Docket No. 487562 (December 21, 1999, Graham, J.) (26 Conn.L.Rptr. 580). Accordingly, since the ordinance does not explicitly shift liability or create a private right of action, Tata owed no duty to the plaintiff to keep the sidewalk in a reasonably safe condition.[4]
For the foregoing reasons, the court finds that there is no genuine issue of material fact in dispute and the defendant is entitled to summary judgment on count two as a matter of law. It is so granted.
BY THE COURT
Patricia A. Swords Judge of the Superior Court