[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Elizabeth Caisse, has filed an amended complaint consisting of three counts against the defendants, Eugene and Virginia Crawford and the town of Woodbury, alleging that the defendants are liable for injuries sustained by the plaintiff as a result of her slipping and falling on an accumulation of gravel on the sidewalk abutting the Crawfords' property. The Crawfords have filed a motion for partial summary judgment as to the plaintiff's first count of negligence, arguing that absent a statute or ordinance, liability for injuries caused by a sidewalk defect cannot be shifted from the municipality to an abutting property owner.
Generally, "[a]n abutting landowner, in the absence of statute or ordinance, ordinarily is under no duty to keep the public sidewalk in front of his property in a reasonably safe condition for travel." Wilsonv. New Haven, 213 Conn. 277, 280, 567 A.2d 829 (1989); see also Jankowskiv. Bridgeport, 34 Conn. Sup. 1, 3, 373 A.2d 1 (1977) ("in the absence of a statute or ordinance to the contrary, the owner or occupier of land abutting a public sidewalk does not, solely by virtue of being an abutter, owe a duty to the public to keep the sidewalk in a safe condition").
Additionally, "[a] butting owners have only been held liable for injuries from defective sidewalks where under charter provisions they were not only charged with the duty of keeping sidewalks in repair but also expressly made liable for injuries occasioned by defective condition thereof." (Emphasis added.) Willoughby v. New Haven, 123 Conn. 446,454, 197 A. 85 (1937); Dreher v. Joseph, 60 Conn. App. 257, 261,759 A.2d 114 (2000) Moreover, in Rodriguez v. Melekey, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 342710 (July 22, 1998, Skolnick, J.), the court held that "[e]ven when a municipal ordinance requires that an abutting owner or lessee maintain the sidewalk there is no liability to one injured by a defect. . . . Willoughby will not impose liability unless the ordinance specifically states such an intention." (Emphasis added; internal quotation marks omitted.) Id.
In their supplemental memorandum, the Crawfords argue that there are no provisions contained within the Woodbury Code that shifts liability from the town to the abutting landowner.[1] They also provide the uncertified deposition testimony of Eugene Crawford as proof that the CT Page 3927 Crawfords are abutting landowners, that they do not own or control the sidewalk area where the plaintiff fell, and that they applied the stone to their driveway and not the sidewalk itself.
In their opposition memoranda, the plaintiff and the town of Woodbury argue that a duty exists because the plaintiff alleges in her complaint that the Crawfords "negligently caused the piling up and accumulation of gravel on [the] sidewalk. . . ." (Emphasis added.) (Amended Complaint; Count 1, ¶ 4.) In support of this, the plaintiff submits an affidavit stating that the gravel that caused her fall was of the same "type, color, shape, and size of that which the Crawfords spread over and maintained on their driveway," and that the gravel "migrated from said driveway across the sidewalk due to the use of the [Crawfords'] driveway." (Caisse Affidavit, ¶¶ 2 and 3.)
In Gambardella v. Kaoud, 38 Conn. App. 355, 660 A.2d 877 (1995), the court recognized that "abutting property owners can be held liable in negligence or public nuisance for injuries resulting from an unsafe condition of a public sidewalk caused by positive acts of the defendant." Id., 358. The Superior Court has also recognized a cause of action for negligence on numerous occasions against abutting landowners who engage in positive acts that cause a dangerous condition upon a public sidewalk. Carter v. Connecticut Mutual Life Ins. Co., Superior Court, judicial district of New Britain, Docket No. 481719 (May 10, 1999,Robinson, J.); Fecteau v. Stratford, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 339523 (December 17, 1998, Melville,J.) ("the fact that the plaintiff's fall was not occasioned by some positive act undertaken by [the abutting landowner] which created the defect precludes [the abutting landowner] from being found liable in negligence as a matter of law"); McMahon v. New Haven, Superior Court, judicial district of New Haven at New Haven, Docket No. 370570 (May 20, 1998, Moran, J.); Capello v. Hamden, Superior Court, judicial district of New Haven at Meriden, Docket No. 255456 (July 22, 1997, Dunnell, J.) (20 Conn.L.Rptr. 157); Ferreira v. State, Superior Court, judicial district of Danbury, Docket No. 322619 (January 6, 1997, Moraghan, J.); Holden v.McIntosh, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 382180 (October 27, 1994, Aurigemma, J.) (12 Conn.L.Rptr. 677); Loda v. Ansonia, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 035496 (December 16, 1992,McGrath, J.) ("in the absence of a statute or ordinance an abutting landowner owes no duty to the public in reference to the [public] way except . . . to refrain from doing or placing anything thereon dangerous to the traveler").
In light of the foregoing, there is sufficient evidence to demonstrate the existence of a genuine issue of material fact as to whether the CT Page 3928 Crawfords, by some positive act, caused the accumulation of the gravel on the sidewalk. Because there are genuine issues of material fact, the Crawfords' motion for partial summary judgment as to the first count of the plaintiff's Complaint is denied.
CHASE T. ROGERS, J.