[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
This matter comes before the court on the defendant's motion to strike (#10 1) count one of the plaintiff's complaint.
 I. FACTS AND PROCEDURAL HISTORY
On November 28, 2000, the plaintiff commenced the instant action by a two count complaint against the defendants, Linda Verardi (count one) and the city of Bristol (count two). The motion before the court was filed by Verardi seeking only to strike count one, therefore, the court will not address count two.
In count one, the plaintiff alleges the following relevant facts. On or about November 29, 1998, the plaintiff was walking along a public sidewalk between 144 and 170 Brewster Road, Bristol, Connecticut, and adjacent to Lot 1, as shown on the map or plan entitled "Map showing CT Page 4657 Roger S. Newell tract owned and developed by Roger S. Newell Bristol, Connecticut" (the property), when he fell and sustained personal injuries due to the dangerous and defective condition of the sidewalk. (See Complaint, November 28, 2000, ¶ 6.) At all relevant times, Verardi owned or was in control of the abutting property. (See Complaint, ¶ 4.)
According to the plaintiff at the time of the fall and for a long time prior thereto, an unsafe and dangerous condition existed "in that certain of the sidewalk slabs were heaved, broken and uneven and contained holes and ledges, thus rendering said sidewalk unsafe for the walking public." (Complaint, ¶ 5.) The plaintiff alleges that his injuries and damages were caused by Verardi's negligence in that: (1) Verardi allowed the sidewalk to be in a dangerous and defective condition; (2) Verardi failed to inspect the sidewalk; (3) Verardi failed to remedy the dangerous and defective condition; and (4) Verardi failed to place barriers, or otherwise warn the public, including the plaintiff, of the dangerous and hazardous condition. (Complaint, ¶ 11.)
On January 8, 2001, Verardi filed a motion to strike accompanied by a supporting memorandum of law. On January 18, 2001, the plaintiff filed an objection to the motion. In response to the objection, Verardi filed a reply memorandum on January 29, 2001. The motion was scheduled for the short calendar on March 19, 2001, and both parties waived oral argument. The court has reviewed all the pleadings submitted by the parties in connection with the motion to strike and now issues this memorandum of decision.
 II. DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." Peter-Michael, Inc. v. Sea ShellAssociates, 244 Conn. 269, 270, 709 A.2d 558 (1998); Practice Book §10-39. The role of the trial court in ruling on a motion to strike is "to examine the [complaint], construed in favor of the [plaintiff], to determine whether the [plaintiff has] stated a legally sufficient cause of action." Napoletano v. Cigna Healthcare of Connecticut, Inc.,238 Conn. 216, 232-33, 680 A.2d 127 (1996). It is well settled that the burden rests with the plaintiff to allege a recognizable cause of action. See Brill v. Ulrey, 159 Conn. 371, 374, 269 A .2d 262 (1970).
In her memoranda in support of the motion to strike, Verardi argues that, absent a statute or ordinance, an abutting landowner is not liable, at common law, for injuries resulting from a defective public sidewalk. Verardi further maintains that § 21-37 of the Bristol CT Page 4658 Code[1] shifts to abutting property owners the burden to maintain and repair the sidewalk, but not the liability for injuries caused by the defects thereon. Therefore, as the abutting property owner, she cannot be held liable for the plaintiff's injuries.
In opposition, the plaintiff argues that the complaint is legally sufficient in that § 21-37 of the Bristol Code does, in fact, impose a duty on property owners to keep the adjacent sidewalk in good repair.
"The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury." RKConstructors, Inc. v. Fusco Corp., 231 Conn. 381, 384, 650 A.2d 153
(1994). "The issue of whether the defendant owed the plaintiff a duty of care is an appropriate one for a motion to strike because the question embodies a matter of law to be decided by the court." Bennett v.Connecticut Hospice, Inc., 56 Conn. App. 134, 137, 741 A.2d 349 (1999). "Our analysis in this case begins and ends with the first element, duty."RK Constructors, Inc. v. Fusco Corp., supra, 231 Conn., 384.
"An abutting landowner, in the absence of statute or ordinance, ordinarily is under no duty to keep the public sidewalk in front of his property in a reasonably safe condition for travel." Wilson v. New Haven,213 Conn. 277, 280, 567 A.2d 829 (1989); see also Dreher v. Joseph,60 Conn. App. 257, 261, 759 A.2d 114 (2000).[2] Accordingly, under common law, Verardi owed no duty to the plaintiff to keep the sidewalk reasonably safe.
The plaintiff claims that Verardi owed a duty to him pursuant to Bristol Code § 21-37. The Connecticut legislature has enacted enabling legislation to permit municipalities to promulgate rules and regulations concerning sidewalks. Conn. Gen. Stat. § 7-148
(c)(6)(C). More specifically, pursuant to General Statutes § 7-148
(c)(6)(C)(v), municipalities may require property owners of land abutting sidewalks to remove debris and other obstructions therefrom. Nothing in the plain language of this statute, however, authorizes a municipality to shift liability to abutting landowners for injuries sustained from a defect in a sidewalk. See Mahoney v. Mobil Oil Corp., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 568849 (December 4, 1997, Aurigemma, J.) (21 Conn. L. Rptr. 138, 139).[3]
"[W]hen a statute creates an exception to a general rule, it is to be construed strictly and its language is not to be extended beyond its evident intent." internal quotation marks omitted. Dreher v. Joseph, supra, 60 Conn. App., 262. Further "it is the general rule of construction that even where an ordinance imposes on property owners a duty normally performed by the municipality, there is no private right of CT Page 4659 action unless plainly expressed in the ordinance Id., 263; see alsoWilloughby v. New Haven, supra 123 Conn. 446, 454, 197 A. 85 (1937).
Applying these rules of statutory construction, the court finds that Bristol Code § 21-37 requires property owners to maintain, repair, replace and keep clear the public sidewalks abutting their property. Nowhere in this ordinance, however, does the city shift liability to adjacent property owners for injuries sustained thereon. Further, the ordinance does not create a private right of action in favor of injured passers by and against abutting owners. Thus, under these circumstances, "the abutting property owner's duty . . . is one owed [exclusively] to the city." Moss v. Bristol, Superior Court, judicial district of New Britain, Docket No. 487562 (December 21, 1999, Graham, J.) (26 Conn. L. Rptr. 580). Accordingly, since the ordinance does not explicitly shift liability or create a private right of action, Verardi owed no duty to the plaintiff to keep the sidewalk in a reasonably safe condition.[4]
 III. CONCLUSION
For the foregoing reasons, the court finds that the plaintiff has failed to state a claim upon which relief can be granted. Accordingly the court grants the defendant's motion to strike count one of the complaint. It is so ordered.
BY THE COURT,
Patricia A. Swords, Judge of the Superior Court