[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (#117)
Before the court is the defendants' (Ronald L. and Nancy A. Gagne) motion for summary judgment as to the second count of the plaintiff's complaint on the ground that the possessor of abutting property is not liable for injuries to third parties that occur on a defective public sidewalk. For the following reasons, the court grants judgment in favor of the movants.
 I BACKGROUND
The plaintiff, Sandra Forster, alleges she was injured on April 8, 1997 when she slipped and fell in front of 181 Lexington Street and 48 Henderson Street, Bristol, Connecticut, due to the dangerous and defective condition of the sidewalk. On March 19, 1999, the plaintiff filed a complaint alleging negligence in three counts against the town of Bristol, the Gagnes, and Nellie Ruggerio, respectively. The Gagnes, the owners of 48 Henderson Street, filed a motion for summary judgment as to the second count of the plaintiffs complaint on October 26, 2000, and an addendum to the motion on October 30, 2000 (#118). Along with the addendum, they filed affidavits of Nancy Gagne and Ronald Gagne. The plaintiff timely filed an objection, and a memorandum of law, along with various sections of the Bristol Code (#119). The Gagnes filed a reply, dated March 5, 2001 (#120). The court heard oral argument on June 12, 2001. After reviewing the relevant pleadings and submissions, the court issues this memorandum of decision.
 II STANDARD OF REVIEW
Pursuant to Practice Book § 17-49, "summary judgment shall be CT Page 10368 rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Witt v.St. Vincent's Medical Center, 252 Conn. 363, 368, 746 A.2d 753 (2000).
"The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. . . . [A] summary disposition . . . should be on evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party." (Internal quotation marks omitted.) Miller v. United Technologies Corp., 233 Conn. 732,751-52, 660 A.2d 810 (1995). "[T]he trial court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." (Internal quotation marks omitted.) Harvey v. BoehringerIngelheim Corp., 52 Conn. App. 1, 5, 724 A.2d 1143 (1999); see also Nolanv. Borkowski, 206 Conn. 495, 500, 538 A.2d 1031 (1988). "A `material' fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578,573 A.2d 699 (1990).
While "the moving party has the burden of presenting evidence that shows the absence of any genuine issue of material fact, the opposing party must substantiate its adverse claim with evidence disclosing the existence of such an issue." Haesche v. Kissner, 229 Conn. 213, 217,640 A.2d 89 (1994). "It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Internal quotation marks omitted.) Maffucci v. Royal Park Ltd. Partnership, 243 Conn. 552,554-55, 707 A.2d 15 (1998). Summary judgment procedure would be defeated as a whole if the mere assertion that a material factual dispute existed could force a case to trial. See Great County Bank v. Pastore,241 Conn. 423, 436, 696 A.2d 1254 (1997).
 III
CT Page 10369 DISCUSSION
The Gagnes move for summary judgment as to the second count of the plaintiff's complaint on the ground that they owe no duty to the plaintiff and are not liable for her injuries. They argue that the owners of property abutting a public sidewalk are not liable for injuries resulting from a defect in that sidewalk. They further argue that there is no statutory authority for a municipal ordinance that would impose liability on abutting landowners for defective sidewalks. The plaintiff argues, to the contrary, that the Bristol Code, § 21-37 in particular, and General Statutes § 13a-149 impose the responsibility to repair and maintain sidewalks on abutting landowners.
"The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury." RKConstructors, Inc. v. Fusco Corp., 231 Conn. 381, 384, 650 A.2d 153
(1994). "An abutting landowner, in the absence of statute or ordinance, ordinarily is under no duty to keep the public sidewalk in front of his property in a reasonably safe condition for travel." Wilson v. New Haven,213 Conn. 277, 280, 567 A.2d 829 (1989). General Statutes § 7-148
charges municipalities with the duty to keep sidewalks in a safe condition. See General Statutes § 7-148 (c)(6)(C)(i)-(iv). "The Connecticut legislature has enacted enabling legislation to permit municipalities to promulgate rules and regulations concerning sidewalks encompassed with State of Connecticut Highway Rights of Way. . . . Municipalities may require property owners to remove debris and other obstructions from abutting sidewalks. See General Statutes § 7-148
(c)(6)(C)(v). Pursuant to § 7-148, municipalities also may levy penalties against abutting landowners for their failure to remove such debris and obstructions." (Internal quotation marks and citation omitted.) Moss v. City of Bristol, Superior Court, judicial district of New Britain, Docket No. 487562 (December 21, 1999, Graham, J.).
Bristol does require that abutting landowners maintain, repair, replace and keep clear the public sidewalks that abut their property. See Bristol Code § 21-37.[1] Furthermore, the city may place a lien against the abutting landowner's property to recover the city's expenses for such maintenance in the event the abutting landowner fails to perform the required maintenance. See Bristol Code § 21-39.[2]
There is no language in any of the Bristol ordinances submitted by the plaintiff that imposes liability for injuries to third parties upon abutting landowners. See also Moss v. City of Bristol, supra, Superior Court, Docket No. 487562 (analyzing § 21-37 and § 21-48 of the Bristol Code). "[I]t is the general rule of construction that even where an ordinance imposes on property owners a duty normally performed by the CT Page 10370 municipality, there is no private right of action unless plainly expressed in the ordinance." Dreher v. Joseph, 60 Conn. App. 257, 263,759 A.2d 114 (2000); see also Willoughby v. New Haven, supra,123 Conn. 446, 454, 197 A. 85 (1937); Caquias v. Hartford, Superior Court, judicial district of New Britain, Docket No. 488133 (February 8, 2001, Shapiro, I.). "Where the intent is to transfer liability from the municipality to another there is no difficulty in expressing it in unmistakable terms. . . ." Willoughby v. New Haven, supra, 123 Conn. 453.
"[W]here the property owner fails to comply with the provisions of such an ordinance to keep the sidewalk in a safe condition that alone is not sufficient to make the owner liable for injuries sustained by his or her failure to perform that duty. The abutting property owner's duty under such an ordinance . . . is one owed to the city . . . the ordinance cannot cast upon the property owner liability to a traveler upon the highway for failure to perform that duty." (Internal quotation marks omitted.) Moss v. Bristol, supra, Superior Court, Docket No. 487562. Accordingly, this court finds that §§ 21-37 and 21-39, while requiring an abutting landowner to maintain and repair a defective sidewalk, do not impose liability upon abutting landowners for injuries to third parties.
Furthermore, "it is the sole duty of the municipality to keep its streets in reasonably safe condition for travel, and not the duty of private persons. . . . Therefore if the liability is or can be shifted from the municipality to the individual it must be accomplished by statutory or charter provision or by ordinance adequately authorized by such provision, and, being the creature of statute or such ordinance, it can be no greater than that specifically imposed thereby." (Citations omitted.) Willoughby v. New Haven, supra, 123 Conn. 451.
"In 1981, the legislature enacted General Statutes § 7-163a, which not only permits a town to adopt an ordinance that requires abutting landowners to remove snow and ice on public sidewalks, but also empowers the town to shift liability to the abutting landowner for injuries caused by a violation of the ordinance." Dreher v. Joseph, supra,60 Conn. App. 261-62. "General Statutes § 7-148 is the only other source under which a municipality may delegate duties to abutting landowners with respect to sidewalks. . . . Section 7-148 does authorize municipalities to require abutting property owners to remove debris and other obstructions from public sidewalks. However, unlike § 7-163a, it does not authorize a municipality to shift liability for injuries to adjacent landowners." (Internal quotation marks and citation omitted.)Moss v. Bristol, supra, Superior Court, Docket No. 487562. Accordingly, this court finds Bristol has no authority to impose liability on abutting landowners for injuries to third parties due to defective sidewalks. See also Tucker v. Windsor, Superior Court, judicial district of Hartford at CT Page 10371 Hartford, Docket No. 590539 (January 5, 2001, Rittenband, J.); Radley v.Westport, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 165514 (March 31, 1999, D'Andrea, J.); Hutchinsonv. Danbury, Superior Court, judicial district of Danbury, Docket No. 331013 (February 8, 1999, Radcliffe, J.). This court's finding is supported by Moss v. Bristol, supra, Superior Court, Docket No. 487562, and Jabs v. Verardi, Superior Court, judicial district of New Britain, Docket No. 505647 (March 21, 2001, Swords, J.), both of which held that § 21-37 of the Bristol Code did not impose liability on an abutting landowner for injuries to third parties that occurred due to defective sidewalks.
The plaintiff contends that General Statutes § 13a-149 imposes liability on the Gagnes as the parties bound to keep the sidewalk in repair. She does not cite any authority for this proposition. Moreover, the Appellate Court has held that "§ 13a-149 [does not] explicitly [make] abutting landowners liable for injuries caused by defective sidewalks . . . and it is the general rule of construction that even where an ordinance imposes on property owners a duty normally performed by the municipality, there is no private right of action unless plainly expressed in the ordinance." (Citation omitted.) Dreher v. Joseph, supra, 60 Conn. App. 263.
Regardless of the applicable ordinances, an abutting landowner is liable for a hazardous condition on a public sidewalk that is of his own creation. See Wilson v. New Haven, supra, 213 Conn. 281; Gambardella v.Kaoud, 38 Conn. App. 355, 358, 660 A.2d 877 (1995); Tucker v. Windsor, supra, Superior Court, Docket No. 590539. In paragraph 7 of the complaint, the plaintiff alleges that the Gagnes were negligent, in that the sidewalk in front of their property was "uneven, raised, of varying heights and in a state of disrepair so that it rendered pedestrian traffic hazardous and dangerous." (Complaint, second count, ¶ 7a.) The plaintiff also alleges that "the uneven and raised condition had existed for an unreasonable period of time, yet no measures had been taken to remedy and correct the same. . . ." (Complaint, second count, ¶ 7b.) The complaint also states that the Gagnes "should have known of these defective conditions and should have remedied the same yet have failed to do." (Complaint, second count, ¶ 7d.)
The plaintiff's allegations do not include any that constitute a positive act by the Gagnes which allegedly caused injury. Our Appellate Court, in Gambardella v. Kaoud, supra, 38 Conn. 359 n. 4, considered similar allegations and concluded that they did not amount to a claim of a positive act by the defendants. Without the allegation of such a positive act, there is no basis for the defendants' liability. Id.,38 Conn. App. 359. The plaintiff also did not submit any evidence that CT Page 10372 the Gagnes created the defective condition. Accordingly, the court finds the Gagnes are not liable to the plaintiff under this theory of liability.
 IV CONCLUSION
The defendants' motion for summary judgment as to the second count, the only count directed to them, is granted. It is so ordered.
BY THE COURT
 ROBERT B. SHAPIRO JUDGE OF THE SUPERIOR COURT