[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Before the court is a motion for summary judgment. At issue is whether a private landowner can be held liable for a defective sidewalk. The plaintiff, Orestes Mihaly, initiated this lawsuit against the City of Danbury and Angela Doutney, by a complaint, which he filed on September 21, 2000. In his complaint, Mihaly alleges that he injured himself when he tripped on a "raised, lifted and/or heaved" sidewalk in front of Doutney's house on Ninth Avenue in Danbury. (Complaint, Count 1, ¶¶ 1-4.)
On March 8, 2001, Doutney filed this motion for summary judgment, as to her alone, claiming that she had no duty with respect to the sidewalk, and therefore is entitled to judgment as a matter of law. In support of her motion, Doutney also filed an affidavit and a memorandum of law. Mihaly filed an objection and an accompanying memorandum on April 26, 2001, and the court held oral argument at short calendar on April 30, 2001.[1] Mihaly did not file a contradictory affidavit.
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Rivera v. Double A Transportation, Inc., 248 Conn. 21,24, 727 A.2d 204 (1999).
The sole issue presented is whether Doutney, an abutting landowner, can be held liable for injuries caused by a defective sidewalk. Doutney argues that no authority provides for a cause of action against an abutting landowner for injuries caused by defective sidewalks. This is not a novel issue.
It is well established that "[a]n abutting landowner, in the absence of statute or ordinance, ordinarily is under no duty to keep the public sidewalk in front of his property in a reasonably safe condition for travel." Wilson v. New Haven, 213 Conn. 277, 280, 567 A.2d 829 (1989). "It is a general rule of construction of statutes or ordinances which impose upon property owners the performance of a part of the duty of a municipality to the public that a legislative intent is indicated, unless CT Page 11708 it is plainly expressed otherwise, that a breach thereof shall be remedial only by the municipal government or by enforcement of a penalty prescribed therein, and that there is no right of action to an individual citizen specially injured in consequence of such breach. The most conspicuous cases of this sort are those that deny liability to private suit for violation of the duty imposed by ordinance upon abutting property owners to maintain sidewalk pavements or to remove snow and ice from the walks." (Internal quotation marks omitted.) Willoughby v. NewHaven, 123 Conn. 446, 454, 197 A. 85 (1937); see also Dreher v. Joseph,60 Conn. App. 257, 261, 759 A.2d 114 (2000). The ordinance in question, § 17-7 (b) of the Danbury Code, merely requires abutting landowners to repair sidewalk defects, it does not expressly shift liability to abutting landowners.[2] Therefore, Doutney cannot be held liable for the alleged sidewalk defect. Accordingly, the motion for summary judgment as to Doutney is hereby granted.
Holden, J.