[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
 PROCEDURAL HISTORY
The plaintiff, Anne B. West, alleges that she was injured on March 9, 2000, when she tripped and fell in front of 14 Park Street in the town of Thomaston due to an elevation between two sections of the sidewalk that were joined together. On September 11, 2001, the plaintiff filed an amended complaint alleging negligence in two counts against the town of Thomaston and Susan MacDonald d/b/a Cook Willow Realty (MacDonald), respectively. MacDonald filed a motion for summary judgment as to the second count of the plaintiffs amended complaint on October 1, 2001. In support of her motion, MacDonald filed a memorandum of law, her affidavit and the town of Thomaston's responses to MacDonald's request for admissions. The court heard oral argument on December 3, 2001. At oral argument, the plaintiff untimely filed an objection and memorandum of law in opposition to MacDonald's motion for summary judgment, to which MacDonald did not object.
 ISSUE
Whether the motion for summary judgment, filed by the defendant, Susan MacDonald d/b/a Cook Willow Realty, as to count two of the plaintiffs amended complaint on the ground that General Statutes § 7-148 does not permit a municipality to shift responsibility for the maintenance or repair of a public sidewalk to an abutting landowner should be granted. For the following reasons, the court grants summary judgment in favor of the movant.
 DISCUSSION
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49. Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. United Technologies Corp., 233 Conn. 732, 751,660 A.2d 810 (1995). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) QSP, Inc. v. AetnaCasualty Surety Co., 256 Conn. 343, 351, 773 A.2d 906 (2001). The movant has the burden of demonstrating the absence of any genuine issue of material fact. Miller v. United Technologies Corp., supra,233 Conn. 751-52. "[T]he party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Internal quotation marks omitted.) Appleton v. Board ofEducation, 254 Conn. 205, 209, 757 A.2d 1059 (2000). "A material fact has been defined adequately and simply as a fact which will make a difference CT Page 23 in the result of the case." (Internal quotation marks omitted.) Hammerv. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699
(1990). "`Issue of fact' encompasses not only evidentiary facts in issue but also questions as to how the trier would characterize such evidentiary facts and what inferences and conclusions it would draw from them." United Oil Co. v. Urban Redevelopment Commission, 158 Conn. 364,379, 260 A.2d 596 (1969).
MacDonald moves for summary judgment as to the second count of the plaintiffs amended complaint on the ground that General Statutes § 7-148
does not permit a municipality to shift responsibility for the maintenance and or repair of a public sidewalk to an abutting landowner. Specifically, she argues that she owes no duty to the plaintiff and is not liable for the plaintiffs injuries. She argues that absent a statute or ordinance, an abutting landowner is not liable for injuries to the plaintiff resulting from a defective public sidewalk.
In her opposition memorandum, the plaintiff argues that MacDonald is not entitled to summary judgment because an affidavit by a party cannot be used to settle the question of notice. She further contends that MacDonald is not entitled to summary judgment because discovery has not been completed in this action and the pleadings are not closed. She also maintains that the nonexistence of a duty to repair or maintain the sidewalk does not resolve the issue of MacDonald's liability. She further argues that a common law duty to warn, as alleged in the complaint, would attach irrespective of any duty to repair or maintain the sidewalk. Moreover, she argues that MacDonald is not entitled to summary judgment because MacDonald's liability turns on possession and control of the area and not ownership. She contends that the fact that MacDonald does not own the immediate area where the plaintiff fell does not cut off MacDonald's liability.
"The essential elements of a cause of action in negligence are well established: duty, breach of that duty; causation; and actual injury." RKConstructors, Inc. v. Fusco Corp., 231 Conn. 381, 384, 650 A.2d 153
(1994). "The issue of whether a defendant owes a duty of care is an appropriate matter for summary judgment because the question is one of law." Pion v. Southern New England Telephone Co., 44 Conn. App. 657,660, 691 A.2d 1107 (1997). "An abutting landowner, in the absence of statute or ordinance, ordinarily is under no duty to keep the public sidewalk in front of his property in a reasonably safe condition for travel." Wilson v. New Haven, 213 Conn. 277, 280, 567 A.2d 829 (1989). Section 7-148 charges municipalities with a duty to keep public sidewalks in a safe condition. See General Statutes § 7-148 (c)(6)(C)(i)-(iv). "The Connecticut legislature has enacted enabling legislation to permit municipalities to promulgate rules and regulations concerning sidewalks CT Page 24 encompassed with State of Connecticut Highway Rights. . . . Municipalities may require property owners to remove debris and other obstructions from abutting sidewalks. . . . Pursuant to § 7-148, municipalities also may levy penalties against abutting landowners for their failure to remove such debris and obstructions." (Citations omitted; internal quotation marks omitted.) Moss v. Bristol, Superior Court, judicial district of New Britain at New Britain, Docket No. 487562 (December 21, 1999, Graham, J.) (26 Conn.L.Rptr. 580, 581); see General Statutes § 7-148 (c)(6)(C)(v). "[I]t is the general rule of construction that even where an ordinance imposes on property owners a duty normally performed by the municipality, there is no private right of action unless plainly expressed in the ordinance." Dreher v. Joseph,60 Conn. App. 257, 263, 759 A.2d 114 (2000); see also Willoughby v. NewHaven, 123 Conn. 446, 454, 197 A. 85 (1937). "Where the intent is to transfer liability from the municipality to another there is no difficulty in expressing it in unmistakable terms. . . ." Willoughby v.New Haven, supra, 123 Conn. 453. "If a duty to maintain a public sidewalk is imposed by ordinance on an abutting owner, the duty is owed to the municipality, which may collect from the abutting owner the costs of repair." Bonilla v. Bridgeport, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 331576 (November 4, 1996, Thim, J.) (18 Conn.L.Rptr. 130, 132); see State v. McMahon, 76 Conn. 97, 55 A. 591
(1903).
In this case, the area of the sidewalk in front of 14 Park Street in the town of Thomaston, where the alleged accident occurred, is a municipally owned public sidewalk. (Town of Thomaston's Responses to Susan MacDonald's Request for Admissions, October 15, 2001, [Thomaston's Admissions], ¶ 1.) The town of Thomaston does not have an ordinance requiring landowners to maintain, repair, replace and keep clear the public sidewalks that abut their property. (Thomaston's Admissions, ¶ 5.) Furthermore, no ordinance or contract exists imposing liability on an abutting landowner. (Thomaston's Admissions, ¶ 6.) Moreover, MacDonald or her employees did not conduct any maintenance or repairs upon the public sidewalk in front of 14 Park Street. (Affidavit of Susan MacDonald, October 1, 2001, ¶ 5.)
The plaintiff relies on Major v. New London, Superior Court, judicial district of New London at New London, Docket No. 550099 (May 19, 2000,Corradino, J.) (27 Conn.L.Rptr. 217), to support her arguments. InMajor, the court, relying on its reasoning in Desy v. Dominick, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 516197 (February 15, 1995, Corradino, J.) (13 Conn.L.Rptr. 483), denied the defendant's motion for summary judgment, concluding that the plaintiff was a business invitee and that the issue of actual control of the sidewalk was not the dispositive issue. Both Major and Desy, CT Page 25 however, are distinguishable from this case. In those cases, the plaintiffs had alleged that they were patrons of the defendants' establishment. Both plaintiffs also had alleged that they had fallen in front of the defendants' establishment after they exited.
In this case, the plaintiff alleges that she was walking in front of 14 Park Street in the town of Thomaston. (Amended Complaint, September 11, 2001, [Complaint], Count 2, § 3.) She does not allege and has not shown by affidavit or by any other evidence that she was a patron of MacDonald's establishment. Instead, the allegations in her complaint allege that MacDonald was "under a duty to maintain said sidewalk in front of 14 Park Street, Thomaston." (Complaint, Count 2, ¶ 2.) The complaint further alleges that the injuries and damages to the plaintiff were the result of a fall caused by MacDonald's negligence. (Complaint, Count 2, ¶ 4.) Furthermore, the plaintiff has not submitted any evidence that MacDonald created a defective condition.
Accordingly, MacDonald does not owe a duty to the plaintiff and is not liable to the plaintiff for her injuries. MacDonald is entitled to summary judgment on count two as a matter of law.
So ordered.
Cremins, J.