[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#102)
The plaintiff was injured when she slipped and fell on a sidewalk in Bridgeport, Connecticut, allegedly due to an accumulation of ice and snow thereon. The plaintiff filed a five count complaint against four CT Page 3680 defendants, including the city of Bridgeport. In count one, the plaintiff asserts a cause of action for negligence against Bridgeport. Bridgeport filed a motion to strike count one on the ground that it cannot be held liable to the plaintiff because it is exempt from liability for injuries that a plaintiff incurs as a result of a fall due to ice and snow on its sidewalks pursuant to General Statutes § 7-163a and § 12.16.160 of the Bridgeport ordinances. The plaintiff concedes that Bridgeport has imposed a duty on abutting landowners to maintain public sidewalks and that such owners can be held liable for their breach of that duty. The plaintiff opposes the motion of the ground that pursuant to § 12.16.150, Bridgeport continues to have a duty to the laintiff to remove snow and ice from public sidewalks in certain circumstances and can be held liable by the plaintiff for breaching said duty. Bridgeport replies by denying that § 12.16.150 creates such a duty and further contends that its liability to the plaintiff has been shifted to the abutting landowners because § 12.16.150 is superceded by § 12.16.160.
Under common law, "[p]rimarily it is the sole duty of the municipality to keep its streets in reasonably safe condition for travel, and not the duty of private persons." Willoughby v. New Haven, 123 Conn. 446, 451,197 A.2d 85 (1937). Accordingly, "[a]n abutting landowner, in the absence of statute or ordinance . . . is under no duty to keep the public sidewalk in front of his property in a reasonably safe condition for travel." Wilson v. New Haven, 213 Conn. 277, 280, 567 A.2d 829 (1989).
General Statutes § 7-163a provides a basis for a municipality to shift its liability to abutting property owners. It provides, in pertinent part: "Municipal liability for ice and snow on public sidewalks. (A) Any town, city . . . may, by ordinance, adopt the provisions of this section. (B) Notwithstanding the provisions of section13a-149[1] or any other general statute or special act, such town, city . . . shall not be liable to any person injured in person or property caused by the presence of ice or snow on a public sidewalk unless such municipality is the owner or person in possession and control of land abutting such sidewalk, other than land used as a highway or street, provided such municipality shall be liable for its affirmative acts with respect to such sidewalk. (c)(1) The owner or person in possession and control of land abutting a public sidewalk shall have the same duty of care with respect to the presence of ice or snow on such sidewalk toward the portion of the sidewalk abutting his property as the municipality had prior to the effective date of any ordinance adopted pursuant to the provisions of this section and shall be liable to persons injured in person or property where a breach of said duty is the proximate cause of said injury. . . ." General Statutes § 7-163a. This statute "not only permits a town to adopt an ordinance that requires abutting landowners to remove snow and ice on public sidewalks, but also empowers the town to CT Page 3681 shift liability to the abutting landowner for injuries caused by a violation of the ordinance." Dreher v. Joseph, 60 Conn. App. 257,261-62, 759 A.2d 114 (2000). In order to accomplish this shift of liability, however, the city must do so "by statutory or charter provision or by ordinance adequately authorized by such provision, and, being the creature of statute or such ordinance, it can be no greater than that specifically imposed thereby." Willoughby v. New Haven, supra,123 Conn. 451. "Abutting owners have only been held liable for injuries from defective sidewalks where under charter provision they were not only charged with the duty of keeping sidewalks in repair by also expressly made liable for injuries occasioned by defective conditions thereof" Id., 454.
Bridgeport has adopted such an ordinance. Section 12.16.160 provides: "Liability for ice and snow on public sidewalks. (A.) The provisions of Connecticut General Statutes Section 7-163a are adopted and are set forth in subsections B and C of this section. (B.) Notwithstanding the provisions of Section 13a-149 of the General Statutes or any other general statute or special act, the city shall not be liable to any person injured in person or property caused by the presence of ice or snow on a public sidewalk unless the city is the owner or person in possession and control of land abutting such sidewalk, other than land used as a highway and street, provided the city shall be liable for its affirmative acts with respect to such sidewalk. (C.) The owner or person in possession and control of land abutting a public sidewalk shall have the same duty of care with respect to the presence of ice or snow on such sidewalk toward the portion of the sidewalk abutting his property as the municipality had prior to the effective date of the ordinance codified in this section adopted pursuant to the provisions of Connecticut General Statutes Section 7-163a and shall be liable to persons injured in person orproperty where a breach of duty is the proximate cause of injury." (Emphasis added.)
The Connecticut Superior Court has found that this type of ordinance, which expressly states that liability for injuries is transferred from a city to abutting property owners, is sufficiently clear and unambiguous to transfer liability away from the city and onto the abutting property owner. See, e.g., Welter v. Ponger, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 182878 (October 1, 2001, Lewis,J.) (30 Conn.L.Rptr. 460, * * * n. 1);[2] Shubert Performing ArtsCenter, Inc. v. Boppers of New Haven, Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 342816 (May 21, 1998,Moran, J.) (22 Conn.L.Rptr. 238, * * *);[3] Brown v. Hamden, Superior Court, judicial district of New Haven at New Haven, Docket No. 370079 (January 9, 1997, Freedman, J.);[4] Lopez v. Rivera, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No 537675 CT Page 3682 (April 11, 1996, Sheldon, J.).[5]
Bridgeport has also, however, adopted § 12.16.150, which provides, in pertinent part: "Removal of obstructions, snow and ice from sidewalks. . . . (C.) Every owner or occupant of any land or building, or the owner or lessee of any unoccupied land or building, shall keep and maintain any sidewalk adjoining such land and building free from snow, ice or sleet, by which such sidewalk shall be obstructed or rendered unsafe. Whenever such sidewalk shall be permitted to remain covered with now, ice or sleet for more than six hours after the same shall have been deposited or formed thereon, the director of public facilities shall remove such snow, ice or sleet from the sidewalk and report the expenses of such removal to the city attorney, who shall immediately collect the same by any proper action against the owner or occupant of the land or building, or the owner or lessee of any unoccupied land or building, adjoining such sidewalk. This section shall not be so construed as to conflict with Section 19-310 of the General Statutes."
The Connecticut Supreme and Appellate courts have determined that this type of ordinance does not transfer liability away from the municipality to the abutting property owner. "Imposition upon abutting owners of a duty to clear walks of snow and ice, with a provision of a penalty by fine and costs for failure to do so or for clearing the same by the municipality and collection of the cost from the abutting owner, is not sufficient to render the individual, instead of the city, liable for injuries sustained by reason of snow or ice thereon." Willoughby v. NewHaven, supra, 123 Conn. 451; Dreher v. Joseph, supra, 60 Conn. App. 257. See also Barichko v. Bridgeport Hydraulic Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 338234 (September 11, 1998, Nadeau, J.); Agosto v. Bridgeport, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 256608 (December 18, 1990, Flynn, J.). "The assistance to the city which is obtained under ordinances making it the duty of abutters to remove snow and ice from the sidewalks adjoining their property relieves, to that extent, the burdens of labor and expense which [the city] otherwise would necessarily, in discharge of its municipal duties, be subjected to, but the city is in no degree exonerated from its obligations in these particulars in consequence of the adoption of [such] ordinances. The remedy of persons injured from damages sustained in consequence of snow and ice upon a sidewalk remains exclusively against the city." (Internal quotation marks omitted.) Willoughby v. New Haven, supra, 123 Conn. 453.[6]
As to the question of which ordinance is controlling in this case, it is first noted that in the complaint, the plaintiff does not expressly allege that his cause of action against Bridgeport is premised on § 12.16.150. Moreover, he does not allege facts sufficient to support a CT Page 3683 cause of action premised on that ordinance. Specifically, he fails to allege that the sidewalk "remain[ed] covered with snow, ice or sleet for more than six hours . . ." and that Bridgeport was thus required to remove it pursuant to § 12.16.150 or the Bridgeport took any affirmative act to do so.
In addition, it is not clear that the two ordinances are in conflict. The Supreme Court recently reiterated the principles that courts should apply in deciding whether one statute conflicts with another. "In construing two seemingly conflicting statutes, we are guided by the principle that the legislature is always presumed to have created a harmonious and consistent body of laws. . . . Legislation never is written on a clean slate, nor is it ever read in isolation or applied in a vacuum. Every new act takes its place as a component of an extensive and elaborate system of written laws. . . . Construing statutes by reference to others advances [the values of harmony and consistency within the law]. In fact, courts have been said to be under a duty to construe statutes harmoniously where that can reasonably be done. . . . If a court can by any fair interpretation find a reasonable field of operation for two allegedly inconsistent statutes, without destroying or preventing their evident meaning and intent, it is the duty of the court to do so." (Citations omitted; internal quotation marks omitted.)Nizzardo v. State Traffic Commission, 259 Conn. 131, 157, ___ A.2d ___ (2002). Presumably, the same principles apply in determining whether ordinances are conflicting.
In this case, the ordinances can be construed to be consistent. Section 12.16.150(C) requires that abutting landowners keep and maintain the sidewalks adjoining their land free from snow, ice or sleet in order to prevent the sidewalks from being obstructed or unsafe. It also requires that the municipality remove the snow, ice and sleet if an abutting landowner fails to do so. Finally, it permits the municipality to collect the costs of its action from the landowner. Section 12.16.160 specifies that the abutting landowners are liable, and that the city is not liable, to persons who are injured due to the presence of snow or ice on public sidewalks. It also provides that "the city shall be liable for its affirmative acts with respect to such sidewalk." Thus, if an abutting landowner does not remove ice and snow from the sidewalk, or does so in a negligent manner, the landowner is liable for the injuries proximately caused thereby. If Bridgeport takes action to remove snow, ice or sleet from a public sidewalk, it can also be held liable for the injuries proximately caused by its "affirmative" act in so doing.
Pursuant to § 12.16.160, Bridgeport has shifted its liability for injuries proximately caused by the accumulation of ice and snow on public sidewalks to abutting landowners. Accordingly, Bridgeport's motion to CT Page 3684 strike is granted.
RUSH, J.