[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
CT Page 3912
The plaintiff, Judith Borchers, filed the present three-count complaint against the defendants, Margaret Robards, Stephen Smith, Barbara Smith and the town of Suffield on October 26, 2001, alleging that she sustained injuries when she fell on the public sidewalk in front of 318 North Main Street, Suffield, and 332 North Main Street, Suffield, on September 11, 1999. At the time of the fall, Stephen and Barbara Smith were the owners of the property located at 318 North Main Street and Robards was the owner of the property located at 332 North Main Street.
On December 26, 2001, Robards filed this motion for summary judgment which was granted by the Court Fineberg, J., on January 14, 2002. Subsequent to the granting of a motion to reargue, this Court heard reargument on February 25, 2002.
Robards argues that the motion for summary judgment should be granted because, as an abutting property owner, she is not liable for injuries that are a result of natural effects on the sidewalk. She further argues that she is not required by statute or ordinance to repair the sidewalk that abuts her property nor does any statute or ordinance make her liable for injuries sustained from the alleged defective sidewalk. In response, the plaintiff claims that Robards had a duty under Suffield ordinance § 15-1 to maintain the sidewalk in a safe condition.
 -I-
Initially, the plaintiff argues that the motion for summary judgment should be denied because summary judgment is inappropriate for negligent causes of action sounding in negligence. However, the issue in the present motion is whether Robards owed a duty to the plaintiff to repair the sidewalk and this is a question of law and an appropriate matter for summary judgment. Pion v. Southern New England Telephone Co.,44 Conn. App. 657, 660, 691 A.2d 1107 (1997).
 -II-
An abutting landowner, in the absence of statute or ordinance, ordinarily is under no duty to keep the public sidewalk in front of his property in a reasonably safe condition for travel. Wilson v. New Haven,213 Conn. 277, 280, (1989). Abutting owners have only been held liable for injuries from defective sidewalks where under charter or other statutory provisions they were not only charged with the duty of keeping sidewalks in repair but also expressly made liable for injuries occasioned by the alleged defective condition Dreher v. Joseph,
CT Page 391360 Conn. App. 257, 261 (2000).
The plaintiff claims that Suffield ordinance § 15-1 confers on Robards both the duty to maintain the public sidewalk abutting her property and liability for injuries arising out of defects in the sidewalk.
Section 15-1 states: "The owner of any premises in the town in front of whose premises any sidewalk is in need of repair shall forthwith repair all defects therein in any way endangering or incommoding public travel upon the same and shall maintain such sidewalk in a safe condition and convenient for the use of the public and shall remove therefrom without delay any and all obstructions that may be placed or found thereon."
This ordinance does not expressly confer liability on a property owner for injuries that arise out of defects on the sidewalk abutting his or her property, and therefore does not meet the criteria of Dreher v.Joseph, supra, 60 Conn. App. 263.
 -III-
Moreover, Robards cannot be held liable for the plaintiff's injuries under common law. The plaintiff alleges that a "root system" of a tree located partly on Robards' property caused the defect in the sidewalk. At common law, however, an abutting property owner is not liable for injuries sustained from the effects of natural causes on the sidewalk.Willoughby v. New Haven, 123 Conn. 446, 451, (1937).
Since it appears that Robards cannot be held liable either at common law or under any statute or ordinance and there is no genuine issue of material fact, Robards' motion for summary judgment is granted.
Wagner, J., TJR