[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
In this premises liability action, the defendant, Public Storage, Inc., asserts that there is no issue of material fact, and moves this court for judgment as a matter of law on Count Three of the plaintiffs Amended Complaint. The defendant opines that it owed no duty to maintain the sidewalk on which the plaintiff was injured; therefore, it cannot be held liable for the plaintiffs injuries. The defendant has submitted an affidavit and other documentation in support of its motion.
The plaintiff, Joseph Clement, objects to this motion stating that the complaint alleges that the defendant caused the defects on the sidewalk, which raises a question of fact for the jury. Supporting documents and/or affidavits were not submitted by the plaintiff.
Standard
Summary judgment must be granted if the pleadings, affidavits, and other documentary proof show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. P.B. § 17-49; Suarez v. Dickmont Plastics Corp., 229 Conn. 99,105, 639 A.2d 507 (1994); Yanow v. Teal Industries, Inc., 178 Conn. 262,268, 422 A.2d 311 (1979). A "material" fact is one which will make a difference in the outcome of the case. Hammer v. Lumberman's MutualCasualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990). In ruling upon a summary judgment motion, the court merely determines whether an issue of fact exists, but does not try the issue if it does exist. Michaud v.Gurney, 168 Conn. 431, 432, 362 A.2d 857 (1975).
The purpose of summary judgment is to eliminate the delay and expense accompanying a trial where there is no real issue to be tried. Dowlingv. Kielak, 160 Conn. 14, 16, 273 A.2d 716 (1970); Dorazio v. M.B. FosterElectronic Co., 157 Conn. 226, 228, 253 A.2d 22 (1968). "In deciding a motion for summary judgment, the trial court must view the evidence in CT Page 15230 the light most favorable to the nonmoving party." Connecticut Bank Trust Co. v. Carriage Lane Associates, 219 Conn. 772, 780-781,595 A.2d 334 (1980). "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.)Appleton v. Board of Education, 254 Conn. 205, 209, 757 A.2d 1059 (2000).
Discussion
The plaintiff alleges that on November 8, 1999, he tripped over "toe-hooks" protruding from a sidewalk facing Kings Highway, in front of the Stop and Shop Plaza, in Fairfield, CT. It is alleged that the defendant, Public Storage, Inc. was in charge of a construction project involving the sidewalk which resulted in the "toe-hooks" protruding from the walk. The plaintiff further alleges, inter alia, that Public Storage, Inc., created and permitted defects and unsafe conditions to exist on the sidewalk without warning to the public.
While not specifically alleged in the plaintiffs complaint, the defendant, Public Storage, Inc., asserts through an employee affidavit submitted on October 28, 2002, that it maintains a retail location in the plaza which is adjacent to the sidewalk facing Kings Highway. The defendant argues that an adjacent landowner is usually under no duty, absent statute or ordinance, to keep a public sidewalk in front of his premises safe. Wilson v. New Haven, 213 Conn. 277, 280, 567 A.2d 829
(1989). The defendant submitted copies of statutes and ordinances which demonstrate that there is no specific law creating a duty of care on behalf of the defendant towards the plaintiff in this instance. Nor, was the plaintiff a business invitee of Public Storage, Inc., which may heighten a duty owed by the defendant towards the plaintiff. See: BarbaraMajor v. City of New London, Et Al, 27 Conn.L.Rptr 217, Superior Court at New London (May 19, 2000, Corradino, J.). The plaintiff does not contest these assertions.
It is the plaintiffs position that Public Storage, Inc. has a duty towards him for injuries caused by defects in the sidewalk that it created. See: Gambardella v. Kaoud, 38 Conn. App. 355, 357, 660 A.2d 877
(1995). By affidavit the defendant denies commencing or supervising any construction project on the sidewalk on or before November 8, 1999; removing or replacing any portions of the sidewalk; or creating or permitting any defect or hazard on the sidewalk. CT Page 15231
Whether or not the defendant created the sidewalk defects is a question of fact. While the defendant attempts to erase the issue of fact by affidavit, this affidavit simply denies the positive acts of negligence put forth in the plaintiffs complaint. "It is not enough for the moving party merely to assert the absence of any disputed factual issue; the moving party is required "to bring forward . . . evidentiary facts, or substantial evidence outside the pleadings' to show the absence of any material dispute. (Internal quotation marks omitted.) Na-Mor, Inc. v.Roballey, 24 Conn. App. 215, 217, 587 A.2d 427 (1991); see also Burns v.Hartford Hospital, 192 Conn. 451, 455, 472 A.2d 1257 (1984); Town Bank Trust Co. v. Benson, 176 Conn. 304, 306-307, 407 A.2d 971 (1978)."Gambardella v. Kaoud, supra at 358. "Denials of the allegations in a complaint are an insufficient basis for the rendition of summary judgment." Gambardella v. Kaoud, supra at 360.
Moreover, the affidavit submitted by Public Storage does not identify the position of the employee who provided the sworn statement or the basis of his "personal knowledge." "[A]ffidavits made by corporate officers and other parties must aver or affirmatively show personal knowledge of the matters stated therein," Evans Products Co. v. Clinton Building Supply,Inc., 174 Conn. 512, 515, 391 A.2d 157 (1978). Assertions of "personal knowledge" are inadequate "without mention of how or where the knowledge was obtained." Associates Financial Services of America v. Sorensen,46 Conn. App. 721, 700 A.2d 107 (1997).
The defendant, through the employee affidavit, has not met its burden of showing the absence of any genuine issue of material fact. The court is very aware, however, that the plaintiff has submitted no evidence supporting his allegations concerning this defendant's involvement in the construction project which allegedly created the hazard. The motion for summary judgment is, therefore, denied without prejudice.
 _____________ WOLVEN, JUDGE
CT Page 15232